# Murray *v.* Murray, Appellant (No. 2).

*Divorce—Desertion—Consentable separation—Failure of libellant to seek reconciliation.*

A divorce was properly granted where desertion for the statutory period was established, and the only justification given for the respondent's action was that the libellant had asked him to sleep in a garret room.

A consentable separation cannot be established without showing knowledge of the intent to separate and some participation therein on the part of the libellant.

If a husband leaves his wife it is his duty to make the first advances toward a reconciliation, and the fact that she has made no effort to that end is not sufficient to defeat her right to a divorce on the ground of desertion.

Argued March 6, 1923.   Appeal, No. 32, March T., 1923, by respondent, from decree of C. P. Luzerne Co., July T., 1921, No. 228, granting a divorce in the case of Mary R. Murray v. Michael J. Murray.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce.   Before McLEAN, J.

The facts are stated in the opinion of the Superior Court.   See also next preceding case.

The court entered a decree divorcing the libellant from the respondent.   Respondent appealed.

Assignment of Error—Opinion of the Court. [80 Pa. Superior Ct.

*Error assigned,* inter alia, was the decree of the court.

*W. A. Valentine,* and with him *E. J. Moore,* for appellant.—A mutual consent that will prevent a divorce upon the ground of desertion may be inferred from the conduct of the parties and need not be put in the form of a written agreement: Bracken v. Bracken, 77 Pa. Superior Ct. 219; Pearce v. Pearce, 53 Pa. Superior Ct. 129; King v. King, 36 Pa. Superior Ct. 33.

*R. B. Alexander,* for appellee.

OPINION BY TREXLER, J., April 18, 1923:

The libellant and her husband after their marriage went to live with her parents. The situation was not very agreeable to him and taking his version of the story he was constantly importuning his wife to leave her home and start with him a home of their own. He claims to have been badly treated at her parents' home, to have been slighted, and to have been compelled to sleep in a hot room and to have had many other matters which greatly annoyed him and rendered his life miserable. The case presents some difficulties, but we have come to the conclusion that the action is well founded, and that the wife is entitled to her divorce. In the latter part of May she told her husband to leave the house. According to his statement there was no reason why she should have ordered him to leave. Her story is that she was provoked by the fact that he came home in an intoxicated condition. When he left in May there would be strong reason to hold that the separation was consentable, but he returned to their common domicile. The date fixed when the desertion began was the evening of June 2d and on that day respondent testifies there was no trouble between him and his wife. She asked him to sleep in the garret room and he told her he could not sleep in that place any longer, but that was the only reason he could give for leaving. He does not state that he told his wife

he was leaving.  She had no chance to consent to it or to oppose it.  After he left he did not communicate with his wife, although he took up his residence near her home and had many opportunities to speak to her and to write to her, but he made no move.  He was the one who left and it was his duty to make the first advances.  If he had told his wife after he left that he wanted her to come to him the bona fides of his offer would have been a matter for consideration.  As was said by the court below "it was no less his duty thereafter to renew the offer even if he thought it would be futile, but he admits that he made no offer either himself or through any one else."  He could have gone further and rented a home and made it ready for her and then asked her to come and live with him, but he did nothing of the sort.  She may have been glad to have him go, but we cannot infer her consent by the mere fact that she did not ask him to come back.  There must have been some participation on her part to make it a consentable separation.  The way was open for this husband to put himself in the right position, but he chose to remain silent and inactive.  Having persisted in his desertion for the statutory period, the wife is entitled to her divorce.  His offer to provide a home now, is of no avail.  Some argument against the divorce is based on the fact that he sent their child a Christmas present about eighteen months after he left his wife and this present was returned.  This cannot be construed as an offer to resume relations.  We think the case was well decided and the divorce properly granted.

The decree of the lower court is affirmed.  Appellant to pay the costs.