## McIntyre, Appellant, v. McIntyre.

*Divorce—Willful and malicious desertion—Mutual consent.*

In a libel for divorce on the ground of desertion the evidence disclosed that the respondent's absence from home was willful and

without legal excuse or justification. The complainant neither protested his departure nor endeavored to induce him to return.

In such a case the mere silence of the injured party is insufficient to establish consent to the separation.

To defeat a divorce on the ground of mutual consent there must have been some conduct on the part of the complainant, amounting to participation in the act of the respondent and an acquiescence in his conduct; some evidence of a present mutual intention of the parties to separate and live apart.

Argued December 5, 1927. Appeal No. 187, October T., 1927, by libellant from order and decree of C. P. Schuylkill County, November T., 1926, No. 123, in the case of Minnie C. McIntyre v. Thomas D. McIntyre. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Libel in divorce on the ground of wilful desertion. Before BERGER, J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the libel. Libellant appealed.

*Error assigned* was the decree of the Court.

*R. A. Freiler,* and with him *J. F. Mahoney,* for appellant.—Failure to make an effort toward reconciliation does not establish such a consent to separation as will defeat the right to a divorce: Leonard v. Leonard, 67 Pa. Superior Ct. 412; Murray v. Murray No. 2, 80 Pa. Superior Ct. 575; Smith, Appellant, v. Smith, 85 Pa. Superior Ct. 74; Hedderson v. Hedderson, 35 Pa. Superior Ct. 629; Little v. Little, 56 Pa. Superior Ct. 419; Capwell v. Capwell, 79 Pa. Superior Ct. 88.

No appearance and no printed brief for appellee.

OPINION BY HENDERSON, J., March 2, 1928:

The complainant's libel charged the respondent with wilful and malicious desertion. The master having

heard the evidence of the complainant and a supporting witness, the respondent not having appeared in the case, found as a fact that a desertion took place on the 13th of July, 1924, as charged in the complaint: that on the date stated, after the libellant had returned from church and was sitting in one of the two rooms occupied by them in a rooming-house, the respondent came downstairs with two "grips" or handbags and told the libellant that he was leaving, and that at any time she would want her freedom she was welcome to it; that he was leading his kind of life and was going to continue to do so; whereupon he left the apartment and never returned. A further finding was that since the date referred to, the respondent has never lived or cohabited with his wife nor contributed to her support. It was found that the libellant was not guilty of any conduct which would give the respondent a just or reasonable cause for leaving, and that all the allegations contained in the libel were sustained by the evidence. On the testimony thus approved and made the basis of the master's recommendation the case for the plaintiff was made out. The evidence was uncontradicted that the respondent was a man of indolent habits, inclined to dissipation, and that his wife worked steadily as a bookkeeper during the time they lived together and was the principal support of the family. Between the time of their marriage at Elkton, Maryland, on August 4, 1920, and the departure of the respondent from his home, they had lived at several places in the City of Philadelphia, and in the rooms last occupied, for a few months. About two weeks after the respondent left, he returned and with the consent of the landlord took away from the basement of the building where he had lived some personal effects, but he did not see his wife nor inquire about her. Nothing in the case tends to impeach the complainant's conduct or veracity, and the fact that her husband left

their common home and thereafter never returned, communicated with her, or contributed to her support, is in no way controverted or disputed. The learned trial judge in a review of the case reached the conclusion that the separation was consentable and the libel was therefore dismissed. It is not suggested that there was any agreement of separation prior to or at the time when the respondent went away, nor is any act or declaration of the complainant in evidence which would support the inference of consent. The most which can be said with respect thereto is that at the time the respondent left the house, the complainant neither protested nor endeavored to induce him to remain with her. It is doubtless the law that the mutual consent which will prevent a divorce on the ground of desertion may be inferred from the conduct of the parties, but such an inference must have its support in some affirmative act of the complainant. None of the cases brought to our attention or which we have examined holds that mere silence of the injured party is sufficient to establish consent. There must have been some conduct on the part of the complainant amounting to participation in the act of the respondent, and an acquiesence in his conduct; some evidence of a present mutual intention of the parties to separate and live apart: Murray v. Murray, 80 Pa. Superior Ct. 575; Smith v. Smith, 85 Superior Ct. 74. The cases cited by the court below were contested cases in which controverted evidence was introduced and a variety of circumstances and conditions exhibited from which an inference of consent might properly arise, but we are unable to find in this proceeding such testimony as would establish a concurrence of the complainant in the defendant's act of desertion. She was not under obligation to exert physical force or importunity to prevent the respondent from leaving her, and as his absence from home was willful and without legal excuse

or justification, the complainant is entitled to the relief afforded by the statute. A careful review of the case satisfies us that the court was in error in dismissing the libel on the grounds stated. The decree is therefore reversed and the record remitted to the court below with instructions to enter a decree in accordance with this opinion. Costs to be paid by the appellee.