## GAETANO BOCCUZZI
### vs.
## MARGARET BOCCUZZI

Superior Court          Fairfield County          File No. 57174

MEMORANDUM FILED FEBRUARY 10, 1940.

*Keating* and *Keating,* of Stamford, for the Plaintiff.

*Cressy, Bartram, Melvin* and *Sherwood,* of Stamford, for the Defendant.

CORNELL, J.   It is found that, not only did the plaintiff put the defendant out of his home, but that had he not done so, his treatment of her would have amply justified her in leaving him for the protection of her health and physical and mental well-being.   *Campbell vs. Campbell,* 110 Conn. 277, 279.

The single element upon which the plaintiff predicates a right to a divorce in view of the conclusions stated *supra,* upon the ground of desertion, is the defendant's statement on cross-examination to the effect that when the final separation occur-red she intended to stay away because she could not get along with him (i. e. plaintiff).   To sanction this contention the fol-lowing excerpt from the opinion in *Campbell vs. Campbell, supra,* 280, is invoked: "....nor can she defend against a charge of desertion, whatever be her reasons for leaving, if her absenting herself be accompanied by an intent finally to sever the marriage relationship in fact, so as to amount to an extra legal divorcement."

The statement in question, made by defendant, cannot be given a significance standing alone, which is opposed to that of which it is readily susceptible when considered in the back-ground of the previous experiences of the parties and the cir-cumstances under which such conviction so formed in her mind eventuated.   Considered from the standpoint last adverted to,

it is concluded that the defendant had finally come to a state of mind which led her to decide to "stay away" unless and until the conditions which menaced her ceased to obtain, in contra-distinction to her previous willingness to return when she had been forced to leave, upon plaintiff's supplication and promises. to treat her properly. In any event, it can hardly be said that the language taken literally imported a determination on de-fendant's part to shake off her obligation as a wife without re-gard to any existing justification for such action. To "stay away" may be absence, but absence alone, however long con-tinued, is not desertion. *Campbell vs. Campbell, supra,* 279. Nor is a husband entitled to a divorce for desertion if he con-sents to a separation (*Spargo vs. Spargo,* 107 Conn. 406, 407); *a fortiori* if he produces it so that he, himself, is in practical effect the absenting party.

Judgment for defendant.