LELLA A. TIRRELL vs. LOUIE R. TIRRELL.

First Judicial District, Hartford, January Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Section 2802 of the General Statutes provides that divorces may be granted, among other causes, for wilful desertion for three years, "with total neglect of duty." *Held* that the mere fact that a husband who had wilfully deserted his wife for three years or more prior to her suit for a divorce, had within that period furnished her support under the coercion of an order of court, did not necessarily and as matter of law prevent the trial court from finding him guilty of a total neglect of duty. The furnishing of such support is evidence to be considered and weighed, but has no conclusive effect as a rule of law.

Submitted on briefs Jan. 4th—decided Jan. 19th, 1900.

ACTION for a divorce, brought to the Superior Court in Hartford County and tried to the court, *Roraback, J.;* facts found and judgment rendered dismissing the complaint as premature, but without prejudice to the right of the plaintiff

Tirrell v. Tirrell.

to bring another action upon the same ground at a proper time, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error and new trial granted.*

The finding of facts is as follows: "1. The plaintiff and defendant were married at Unionville in this State, on December 20th, 1893, where the defendant was engaged in the livery business. They resided with the defendant's parents until May, 1895, when the defendant closed his business, left the plaintiff and went to Hartford, telling her that he would not live with her any longer and would do nothing for her; that she must support herself. 2. The plaintiff being without means of support, went to Hartford in October, 1895, and commenced to learn the millinery trade. The defendant, on being threatened with complaint for non-support, promised to and did pay the plaintiff $3 a week from October, 1895, to January 14th, 1896. On January 14th, the defendant called at the plaintiff's boarding place and offered her a room with him on Church street, stating that he was only obliged to furnish her with shelter and food, and if she did not accept this offer she would have no claim on him. 3. The plaintiff went to Church street with the defendant and remained there until March 21st, 1896. 4. In March, 1896, the defendant, with the other tenants, received notice to quit possession of the building on account of repairs. The plaintiff was forced to vacate on March 21st, 1896. The defendant refused to furnish any other place of residence for his wife and to furnish her any support. 5. On September 17th, 1896, the defendant was found guilty of non-support by the jury in the Superior Court, and an order was issued by the court directing him to pay his wife a weekly allowance for six months from that date. The defendant complied with this order until on or about the 17th of March, 1897. 6. From said March 21st, 1896, the defendant abandoned the plaintiff, and refused to furnish her any support, except as he did so in compliance with said order of the Superior Court.

" The plaintiff made the following claims of law respecting the judgment to be rendered: (*a*) That upon the facts proved the defendant had wilfully deserted the plaintiff for more

Tirrrell v. Tirrell.

than three years prior to the date of the complaint. (*b*) That the payment of the allowance by order of the court, within the three years, was not such a performance of duty as to bar divorce. (*c*) That the plaintiff was entitled to a divorce for desertion and total neglect of duty, and it was immaterial that the defendant was compelled to pay an allowance, when he had wilfully abandoned all matrimonial intercourse and companionship with the plaintiff, against her will."

The court sustained the first claim, but ruled that upon the facts proven the plaintiff had failed to make out a complete cause of action upon the ground of wilful desertion with a total neglect of duty for three years; and dismissed the complaint without prejudice to the right of the plaintiff to bring another action upon the ground of desertion, at the proper time.

The memorandum of decision was referred to and made part of the finding.

*Charles A. Safford*, for the appellant (plaintiff).

No one appeared for the defendant in either court.

ANDREWS, C. J.  In the recent case of *Dennis* v. *Dennis*, 68 Conn. 186, 197, this court said: " The State desires good citizens.  It regulates divorce procedure in its own interest. A divorce cannot be had except in that court which the State authorizes, and for those causes only, and with those formalities, which it has by statute prescribed.  As the State favors marriages for the reasons stated, so the State does not favor divorces; and only permits a divorce to be granted when those conditions are found to exist, in respect to one or the other of the married parties, which seem to the legislature to make it probable that the interests of society will be better served and that the parties will be happier, and so the better citizens, separate, than if compelled to remain together.  The State allows divorces, not as a punishment to the offending party nor as a favor to the innocent party, but because the State believes its own prosperity will thereby be promoted."

One of the offenses for which the Superior Court is authorized to grant a divorce is "wilful desertion for three years, with total neglect of duty."

Desertion by a husband of his wife, as intended by this statute, means "a wilful absenting himself from the society of his wife, coupled with the intention on the part of the husband to continue to live apart, in spite of her wish, and without any intention to return to cohabitation." *The Queen* v. *Cookham Union*, L. R. 9 Q. B. Div. 522, 527; *Bennett* v. *Bennett*, 43 Conn. 313; *Southwick* v. *Southwick*, 97 Mass. 327, 329; *Williams* v. *Williams*, 130 N. Y. 193. It is not alone a specific act, but a continuing course of conduct. *Heard* v. *Heard*, L. R. (1896) P. D. 188, 191.

In his memorandum of decision (which is made a part of the finding) the judge who tried this case says: "Within three years next before the commencement of this action, the defendant was ordered to and did pay a certain sum per week for the support of the plaintiff, his wife. The question now arises, whether or not, under these circumstances, there has been a wilful desertion, with a total neglect of duty, for the three years required by the statute. If wilful or utter desertion for three years constituted a complete ground for divorce, I should be inclined to the opinion that a divorce should be granted; but our law upon the subject goes much further, and requires, in addition to wilful desertion for three years, that there shall be a total neglect of all duty. One of the chief duties and obligations which result from the marriage contract is that of support on the part of the husband. This duty it appears from the evidence the defendant has performed for several months of the required term of three years; and therefore I have reached the conclusion that the plaintiff is not entitled to a divorce."

This language indicates that the trial judge regarded the support furnished to his wife by the defendant, by the order of court, as having the same effect upon the question of his desertion, that the furnishing by him of such support voluntarily would have had, and this as matter of law; and that there could not be in this case a desertion with total neglect

Tirrell *v.* Tirrell.

of duty for the period of three years, within the meaning of the statute, because support had been in fact furnished for a part of the time by the defendant, although by compulsion and against his will, and when the alternative was imprisonment.

We are compelled to differ from this view. We think it gives to the fact of the involuntary furnishing of support by the defendant to his wife a greater weight and significance than it justly ought to have. The statutory offense of desertion, as we have seen, contains in it the intent to put an end to the marital condition, and the intent never to renew it. A total neglect of duty, if voluntarily persisted in, would ordinarily furnish satisfactory evidence that the intention in both respects existed. If the neglect of duty is involuntary, then the intent to desert must be uncertain. *Bennett* v. *Bennett, supra.* And so, on the other hand, if the performance of the duty is by compulsion and against the will of the party, then the intention to desert cannot be said not to exist. *Yeatman* v. *Yeatman*, L. R. 1 P. & D. 489, 491; *Magrath* v. *Magrath*, 103 Mass. 577.

The fact that the defendant furnished support to his wife by the order of the court, was an evidential fact proper for the court to consider. The error was in regarding it, not as evidence but as a fact which modified the words of the statute, that is, as a rule of law.

It is entirely possible that the court upon another trial, and treating the fact of the compulsory furnishing of support only as an evidential one, may come to the same conclusion which was reached in this case; and it is equally possible that a different conclusion may be reached. As the latter result is possible, the error has done injury to the plaintiff and she is entitled to have a new trial.

There is error and a new trial is granted.

In this opinion the other judges concurred.