JOHN TODD *vs.* ELSIE D. TODD.

Third Judicial District, New Haven, June Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The office of a finding in court cases is to embody the conclusions of the trier as to the facts, ultimate or subordinate, which were reached upon the evidence.

Statements of evidence and excerpts from the stenographer's transcript of the testimony have no place in such a finding, except in so far as they may be really necessary to show the relevancy of the evidence or other question in dispute.

Desertion, as a ground of divorce, is the unjustifiable cessation of cohabitation, coupled with an intention upon the part of the offender not to renew it in spite of the wish of the other spouse.

A wife left her husband without cause or previous intimation, and against his will, stating that she did not care to live with him longer. On the following day her husband sought her out and begged her to return, but she refused and for more than three years remained away, against his will, with the purpose and intent of not returning nor performing her marital duties. *Held* that this constituted desertion and a cause for divorce.

Situations may exist in which overtures looking to a renewal of marital relations are necessary in order to convert the condition of separation in which the parties may be living into one of desertion on the part of one of them.

Argued June 9th—decided July 31st, 1911.

ACTION to obtain a divorce upon the ground of desertion, brought to and tried by the Superior Court in Fairfield County, *Gager, J.;* facts found and judgment of divorce rendered, and appeal by the defendant. *No error.*

*Howard W. Taylor*, for the appellant (defendant).

*Stiles Judson*, for the appellee (plaintiff).

PRENTICE, J. The finding in this case is long and involved beyond reason as the result of the appellant's mistaken attempt, begun in the draft-finding and continued in a motion for a correction of the finding, exceptions to the finding, and reasons of appeal, to have statements of evidence and excerpts from the stenographer's transcript of the testimony, many pages in length, incorporated into the finding. Such statements and excerpts have no place in a finding made in a case tried to the court, save as they may be necessary to present for review rulings upon the admission of testimony, and, in the latter event, they should appear to the limited extent only which the rules clearly prescribe, and in the manner indicated in the forms. Practice Book, 1908, p. 266, § 5; p. 272. The office of a finding in court cases is to embody the conclusions of the court as to the facts, ultimate and subordinate, which it reached upon the evidence. The evidence has presumably served its purpose, and presumably this court has no concern with it. If, later in the course of the proceedings, there shall prove to be occasion for its presence here, the opportunity to secure it is provided by regular procedure.

The numerous reasons of appeal fall into three groups, to wit: (1) Those which seek a correction of the finding; (2) those which call in question rulings upon the admission of testimony; and (3) those which attack the judgment upon legal grounds.

The corrections which it is desired to have made in the finding, outside of those already commented upon, all relate to matters immaterial to any question before us.

There is no error in the rulings upon the admission

Todd *v.* Todd.

of testimony. No principle is involved in them which calls for discussion.

"Desertion," within the meaning of our statute regulating divorce, "consists in the cessation of cohabitation, coupled with a determination in the mind of the offending person not to renew it." *Bennett* v. *Bennett,* 43 Conn. 313, 318. It is the wilful absenting of one party to the marriage contract from the society of the other, coupled with the intention on the part of the absenting party to live apart, in spite of the wish of the other, and not to return to cohabitation. *Tirrell* v. *Tirrell,* 72 Conn. 567, 570, 45 Atl. 153. It is a continuing course of conduct, and the intent referred to is its decisive characteristic. *Bennett* v. *Bennett,* 43 Conn. 313, 318; *Tirrell* v. *Tirrell,* 72 Conn. 567, 570, 45 Atl. 153. This definition involves the co-existence of the following conditions: (1) Cessation from cohabitation, (2) an intention on the part of the absenting party not to resume it, (3) the absence of the other party's consent, and (4) the absence of justification.

The trial court has found desertion on the part of the defendant, and that it continued for more than three years prior to the commencement of the action. It has found the subordinate facts upon which this ultimate conclusion was based. They disclose that the defendant left her husband without previous intimation or cause and against his will, saying that she did not care to live with him longer; that on the following day the plaintiff sought her out and begged her to return; that she refused; that on the day of her departure or within a few days she formed the purpose of not returning to her husband or performing her marital duties; and that this situation and condition of mind continued until suit was brought, a period of more than three years. All the conditions of desertion are here satisfied.

It is, however, contended that a divorce could not be granted for the reason that the plaintiff husband had not made the necessary overtures to secure his wife's change of mind and return.   It is not indicated what the measure of his claimed duty in this respect was, further than that he was bound to do something more than he did when he gave neither justification for nor consent to her wilful separation from him, sought to restrain her in her purpose, and later besought her to return.   There are indeed situations in which over-tures to bring about a renewal of marital relations are necessary to convert the condition of separation in which the parties may be living, into one of desertion on the part of one of them.   But that situation is not here, where the separation was not the consequence of the plaintiff's misconduct, and from the beginning has been against his will and with the purpose on her part to disregard her marital duties.

There is no error.

In this opinion the other judges concurred.