ELIZABETH B. COLT *vs.* HARRIS DUNSCOMB COLT.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Desired alterations in a finding which, if made, would not affect the judgment, will be denied.

Desertion, as a ground of divorce, implies nonconsent to the separation,

as well as an absence of any justification for it, upon the part of the petitioner.

The evidence in the present case reviewed and *held* to amply sustain the conclusion of the trial court, that the separation began and continued with the petitioner's full and free consent and was the outcome of her own fault.

Argued June 6th—decided July 27th, 1916.

ACTION for a divorce for alleged desertion, brought to and tried by the Superior Court in Fairfield County, *Case, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Charles S. Hamilton,* and *Isaac N. Jacobson* of New York City, for the appellant (plaintiff).

*Edward A. Harriman,* and *George T. Lewis* of New York City, with whom was *William Travers Jerome, Jr.,* of New York, for the appellee (defendant).

PRENTICE, C. J. The complaint alleges that the defendant wilfully deserted the plaintiff in January, 1911, and continued such desertion from that time to the date of the writ, to wit, November 6th, 1914, a period of more than three years. The court has found that the parties have lived apart during that time and longer; that from about 1901, when a boy was born to them, there have been differences between them which kept them much apart from each other with the plaintiff's full and free consent; that these differences arose and continued through no fault of the defendant, who for a long period of years has made reasonable effort to remove their cause, but without success because of the persistent refusal of the plaintiff to co-operate with him to that end; and that beginning with January, 1911, when the separation between them became final and complete, it was, and has continued to be, with the plaintiff's full and free

Colt *v.* Colt.

consent and the outcome of her own fault. Upon such a finding judgment for the defendant was inevitable.

The plaintiff, however, contends that this finding, in all those particulars which make for consent on the part of the wife and justification on the part of the husband, and the court's conclusions of fact upon those subjects, were not justified by the evidence, and appeals for that reason. She asks for the elimination of the matter objected to, and the incorporation of substantially the whole of the appellant's draft-finding. embodying a circumstantial recital of evidential facts claimed to have been proven. We are thus asked to substitute for the conclusions and finding, which the court has made, diametrically opposite conclusions to be reached by us upon the evidence, and a fundamentally different finding from that which the court has made.

In so far as the finding is concerned, our power is limited to a review of the evidence to discover whether the court has found facts and reached conclusions of fact without reasonable basis in evidence, or has omitted to include in its finding admitted or undisputed material facts. The ultimate object of this review is to discover whether or not any elimination from or addition to the finding, which we should be justified in making, would show that the court erred in its ultimate conclusion that the defendant had not been guilty of desertion, as charged, for the reason that their living in separation had been with the plaintiff's full and free consent, and occasioned by her fault.

"Desertion by a husband of his wife . . . means a 'wilful absenting himself from the society of his wife, coupled with the intention on the part of the husband to continue to live apart, in spite of her wish, and without any intention to return to cohabitation.' . . . It is not alone a specific act, but a continuing course

of conduct." *Tirrell* v. *Tirrell*, 72 Conn. 567, 570, 45 Atl. 153; *Todd* v. *Todd*, 84 Conn. 591, 593, 80 Atl. 717. It implies the absence of consent to the separation on the part of the wife and the absence of justification furnished by the wife. *Todd* v. *Todd*, 84 Conn. 591, 593, 80 Atl. 717.

It was necessary for the plaintiff to establish, in order to entitle her to a divorce, that the defendant had continued desertion of her for a period of at least three years immediately prior to the commencement of the action, to wit, since November 6th, 1911. The evidence carries the history of the relations of the parties back to 1901, when the differences between them appear to have had their beginning. An examination of this evidence discloses not only that the trial court was reasonably justified in arriving at the conclusions expressed by it in its finding above referred to, at least in so far as they are material to a determination of the case, but that a contrary conclusion, that the defendant has since November 6th, 1911, continuously lived apart from his wife, in spite of her wishes and without justification in her attitude and conduct, would have been without support in evidence. It is too plain to be mistaken that any willingness that she may have entertained in 1911, and later still, to resume living with her husband, was one upon conditions which she had no right to impose and to which no husband and parent could reasonably be called upon to accede. Her attitude in this matter and conduct associated with it furnished him ample justification for the course he took, and converted his living apart from her into one with her consent, and through her fault.

There is no error.

In this opinion the other judges concurred.