Dow *v.* Dow.

---

BURT K. DOW *vs.* BESSIE L. DOW.

First Judicial District, Hartford, May Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

One of the four requisites of desertion, as a ground of divorce, is nonconsent to the separation on the part of the petitioner.

If the finding makes it apparent, as it did in the present case, that the petitioner never desired to resume marital relations, and in effect consented to the separation, no divorce can be granted.

Facts established by the evidence, should be incorporated in the finding, in a case tried to the court. If not so incorporated, they are of no avail when recited under a heading to the effect that the litigant " offered evidence to prove and claimed to have proved the following additional facts."

If facts are proved, the trial court is in error in disregarding them. The same rule applies to evidence which is admitted tending to prove certain facts: it must be considered by the court with all the other evidence, in reaching its finding and conclusion.

In the present case the plaintiff claimed a constructive desertion upon the part of the defendant. *Held* that it was impossible for this court to pass upon this question, as the facts upon which it was based were not found to have been proved by the trial court.

Argued May 3d—decided June 14th, 1922.

SUIT for a divorce upon the alleged ground of desertion, brought to and tried by the Superior Court in Windham County, *Maltbie, J.;* facts found and judg

ment rendered for the defendant, and appeal by the plaintiff. *No error.*

Plaintiff and defendant intermarried December 25th, 1900, and soon came to reside in Willimantic, where they lived together on Main Street until June, 1915. During this period, and increasingly toward the end, the relations of the parties were not harmonious and the plaintiff complained, as he believed, justly, of the way in which defendant kept their home and of her influence upon the relations between himself and their son.

In or before June, 1915, defendant, with the knowledge and consent of the plaintiff, selected, and the plaintiff rented, another tenement on Pleasant Street, Willimantic, for the purpose of removing the family home to it. The plaintiff arranged for the removal to this tenement of their household goods and caused them to be so removed. The plaintiff by his words and actions led the defendant to believe that they and their child were to remove to and live together in this tenement. On the day of the removal for the first time, the plaintiff informed defendant that he was not going to this tenement, but was going to live at his office, where he has since made his home.

Within a few days after removing to this tenement, the defendant sent for plaintiff and they discussed their relations with the result that plaintiff finally consented to take his meals there, and if defendant removed the causes of his complaints against her, and there seemed a likelihood of their living harmoniously together, to consider the resumption of marital relations with her in this tenement. Plaintiff took his meals there until on or about August 20th, 1915, when an altercation took place between the parties and defendant told him he need not come any more; thereupon he left the tenement and has never lived with, or in any way had marital relations with, defendant.

At the time of defendant's removal to this tenement, the plaintiff did not have, and has not since had, any desire to resume marital relations with defendant, nor has he endeavored to do so. The plaintiff has, ever since the removal to the Pleasant Street tenement, paid its rental, and has paid defendant $10 a week, and bought or paid for clothing, books and other articles for his son.

*Josiah H. Peck* and *Patrick J. Danahey*, for the appellant (plaintiff).

*William A. King* and *Samuel B. Harvey*, for the appellee (defendant).

WHEELER, C. J. Desertion is defined in *Tirrell* v. *Tirrell*, 72 Conn. 567, 570, 45 Atl. 153, as the wilful absenting of one party to the marriage contract from the society of the other, coupled with the intention on the part of the absenting party to live apart, in spite of the wish of the other, and not to return to cohabitation. "This definition," we say in *Todd* v. *Todd*, 84 Conn. 591, 593, 80 Atl. 717, "involves the co-existence of the following conditions: (1) Cessation from cohabitation, (2) an intention on the part of the absenting party not to resume it, (3) the absence of the other party's consent, and (4) the absence of justification."

There does not appear to have been at any time an absence of plaintiff's consent to the continued separation from the defendant, so that the third condition necessary to constitute desertion noted in *Todd* v. *Todd* is not found.

The defendant wife went to live in the tenement on Pleasant Street with plaintiff's consent and assistance and he continued to pay the rental of this tenement. If her telling him in August, 1915, not to come again to the tenement, where he had been getting his meals,

is to be construed as a refusal on her part to live with him again, from which is to be found the second condition of this definition, that it was her intention then and thereafter not to resume cohabitation with plaintiff, no action for desertion could be maintained by him because the finding makes it clear that he never desired to resume marital relations and in effect consented to the separation.

The plaintiff's claim of a constructive desertion is not in the case. Part 2 of the finding recites: "The plaintiff offered evidence to prove and claimed to have proved the following additional facts:" Then the part recites seven additional paragraphs in reliance upon which the plaintiff bases his claim of a constructive desertion. If the evidence justified the finding of these facts, the court should have included them in the finding which is contained in part one. As they now appear in the finding, in the form in which evidence is claimed to have been proved in a jury case, they have no significance. If they were not admitted in evidence and plaintiff duly excepted to their exclusion, they should appear in the finding in the form of rulings on evidence. Until they so appear we cannot regard them as such. If these facts were proved by plaintiff and the court disregarded them, the court was in error. The statement in the memorandum of decision, "In so far as the evidence tends to prove conduct on the part of the defendant of such a nature that the plaintiff could not, in reason, longer be expected to live with her and that, because of it he left her, I must disregard it," would seem to indicate that the evidence tended to prove these facts, but that the court disregarded it. Evidence admitted must be regarded by the court and the facts found upon all the evidence. Upon these facts so found the claim of constructive desertion was to be considered and determined.

The form of the finding, undoubtedly an inadvertence upon the part of the trial court, makes it impossible for us to consider part 2 of the finding which involves the question of constructive desertion.

There is no error.

In this opinion the other judges concurred.