WILLIAM J. SPARGO *vs.* AMELIA GEORGE SPARGO.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A husband is not entitled to a divorce on the ground of desertion if he consents to the separation at its inception or, if it is then against his will, he thereafter by overt acts manifests his consent to its continuance; but if, as in the present case, he is not only opposed to the initial separation but subsequently makes a bona fide offer of reconciliation which is rejected, the mere fact that he testifies upon the trial of the case that he thereafter ceased to wish for the return of his wife, will not defeat his right to a decree since it would be mere conjecture to conclude from such expressions that he would not, in fact, have taken her back had she sought to resume their marital relations.

Payments made by a husband to a wife after she has left him, for the purpose of avoiding proceedings for nonsupport, do not evince his consent to the separation but, at most, a recognition of an unfortunate situation already existing, and an effort to ameliorate its consequences.

Argued January 19th—decided February 28th, 1928.

ACTION for divorce upon the alleged ground of desertion, brought to the Superior Court in New Haven County and tried to the court, *Ells, J.;* judgment for the plaintiff, and appeal by the defendant. *No error.*

*Kenneth Wynne* and *Thomas R. Robinson,* with whom, on the brief, was *Arthur T. Gorman,* for the appellant (defendant).

*Earle A. Barker,* for the appellee (plaintiff).

MALTBIE, J. The trial court rendered judgment granting the plaintiff a divorce from the defendant upon the ground of desertion. Upon the facts found he is without question entitled to a decree. The defendant attacks the finding in several respects but, if

the trial court credited the testimony of the plaintiff, as it had a right to do, the evidence reasonably supports it except in one aspect. The trial court finds that the separation of the plaintiff from the defendant was against his wish and will. In so far as the action of the defendant in leaving him is concerned this too is supported by the evidence. But as regards the subsequent attitude of the plaintiff toward the conduct of the defendant in absenting herself, she is entitled upon the undisputed evidence to certain changes in and additions to the finding. In particular, from his own testimony upon the witness stand, it appears that after a time he ceased to want his wife to return.

With the necessary changes in and additions to the finding, the situation presented is this: Shortly after the defendant left the plaintiff's home, she made a demand upon him for support through an attorney. Thereupon the plaintiff consulted an attorney and the latter wrote the defendant a letter in which he stated that the plaintiff was ready, willing and able to provide a home for her, but that he insisted that she return within a reasonable time prepared to do her duties as a wife, and in which the attorney counseled her to return. This letter represented a bona fide attempt at a reconciliation. Thereafter an agreement was made by which the plaintiff was to pay the defendant $5 a week toward her support, which he has done. These payments were made on the demand of the defendant's attorney and to avoid arrest for nonsupport. After the attempt at reconciliation made by him, the plaintiff, as he testified, ceased to want the defendant to return and never made any efforts thereafter to communicate with her in any way.

A plaintiff is not entitled to a divorce on the ground of desertion where he consents to the separation at its

inception or, if it was then against his will, thereafter
by his overt acts manifests his consent to its continu-
ance. *Pettis* v. *Pettis,* 91 Conn. 608, 610, 101 Atl. 13;
*Dow* v. *Dow,* 97 Conn. 488, 491, 117 Atl. 507; *Colt* v.
*Colt,* 90 Conn. 658, 660, 98 Atl. 292. But in the cir-
cumstances such as here appear, the plaintiff was not
obligated to continue to seek out the defendant in the
effort to secure her return. *Todd* v. *Todd,* 84 Conn.
591, 594, 80 Atl. 717. The initial separation being
against his will, its continuance was not converted
into one by consent merely because thereafter, his at-
tempted reconciliation having failed, he reached an
attitude of mind such that he did not wish his wife to
come back to him, shown merely by his testimony
upon the trial of the cause. As pointed out by
Holmes, J., in *Ford* v. *Ford,* 143 Mass. 577, 578, 10 N.
E. 474, the analogies of the law are against determining
rights upon the basis of the emotions or motives of a
party not manifested by overt acts, and, in the absence
of an offer by the wife to return, it would be mere con-
jecture to conclude from such expressions that he
would not have taken her back, perhaps gladly, had she
sought to resume marital relations. See also *Ogilvie* v.
*Ogilvie,* 37 Ore. 171, 181, 61 Pac. 627; *Monteath* v.
*Monteath,* 51 Ill. App. 126; *Moody* v. *Moody,* 118 Me.
454, 457, 108 Atl. 849. The payments made to the de-
fendant cannot be regarded as manifesting a consent to
the continued separation. Coming as they did after
the refusal of the plaintiff's overtures for a reconcilia-
tion and resulting from the efforts of the defendant's
attorney to secure support for her, the inference of the
trial court that they were made to avoid proceedings
for nonsupport was one which it legitimately might
draw. Payments so made do not evince an assent to
the separation upon the part of the plaintiff; at most
they manifest a recognition of an unfortunate situa-

tion already existing and an effort to ameliorate its consequences. *Pettis* v. *Pettis,* 91 Conn. 608, 611, 101 Atl. 13; *Tirrell* v. *Tirrell,* 72 Conn. 567, 570, 45 Atl. 153.

There is no error.

In this opinion the other judges concurred.