Henry W. Campbell *vs.* Alice H. Campbell.

First Judicial District, Hartford, October Term, 1929.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued October 8th—decided November 25th, 1929.

*James B. Henry,* for the appellant (defendant).

*William S. Hyde,* for the appellee (plaintiff).

MALTBIE, J. This is an action for divorce on the ground of desertion. In so far as the appeal claims error in rulings upon evidence it violates our often repeated rule of practice which forbids the inclusion in one paragraph of the finding of numerous rulings with an assignment of error referring generally to them, and these claims we must disregard. The conclusions of the trial court, however, and its rulings upon the claims made by the defendant upon the trial fairly present the principal assignment of error in law. After the parties had separated, but before the present action was brought, a suit for divorce upon the ground of habitual intemperance had been brought by the plaintiff and the defendant had filed a cross-complaint claiming a divorce upon the same ground and also upon the ground of intolerable cruelty. In that action the trial court found the issues upon the complaint for the defendant and upon the cross-complaint for the plaintiff. In the present action the trial court refused to hear evidence of any acts of cruelty of the plaintiff to the defendant or of his drunkenness prior to the date of the beginning of the claimed desertion upon the ground that these matters had become *res adjudicata* by reason of the judgment in the former action. Such evidence would of course be material only as justifying the defendant in refusing to continue to cohabit with the plaintiff, and if, as the appellee claims, a wife is not justified in ceasing to cohabit with her husband unless for reasons which would entitle her to a divorce, the ruling of the trial court was right. There are decisions in other jurisdictions which so hold, but it is stated on high authority that this does not accord with the weight of judicial opinion. *Watts* v. *Watts,* 160 Mass. 464, 468, 36 N. E. 479; Keezer on Marriage & Divorce (2d Ed.) § 335. It certainly is not the law in this jurisdiction. In *Bennett* v. *Bennett,* 43 Conn.

313, 318, we said that the failure of a husband to furnish adequate means of support for the home because of circumstances for which he was in no way blameworthy might justify or even require a wife to leave the home in order to secure employment elsewhere or to seek assistance from friends or relatives, and that so long as there remained a desire and intent on the part of both parties to resume cohabitation, her leaving under such circumstances would not constitute desertion. Yet such a failure to furnish support could hardly constitute a ground upon which the wife could claim a divorce. No doubt there are circumstances under which a wife may be justified in refusing to cohabit with a husband in the effort to bring home to him the heinousness of certain conduct on his part where there is entirely lacking an intent on her part entirely to sever the marriage relationship. Such a refusal is a very different thing from a judicial separation because there is in it always the possibility and often the hope of a resumption of the marriage relationship under more favorable circumstances. One of the elements of that wilful desertion which our statute specifies as a ground of divorce is an intent on the part of the absenting party not to resume cohabitation; *Dow* v. *Dow,* 97 Conn. 488, 490, 117 Atl. 507; and the circumstances of a wife's separation from her husband may well be such as entirely to rebut the presence of such an intention. So the conduct of the husband which results in the separation, while reasonably justifying such a course on her part, may not be such that "the public and personal objects of matrimony have been destroyed beyond rehabilitation," which is the foundation of a divorce on the ground of intolerable cruelty. *McEvoy* v. *McEvoy,* 99 Conn. 427, 432, 122 Atl. 100. In order to justify a wife in leaving her husband, there must be such improper conduct on his part

as would defeat the essential purposes of the marriage relation or the circumstances must be such that she has good reason to believe that cohabitation cannot longer be continued with due regard to her health, or safety, or that the conditions of her marital life have become intolerable; nor can she defend against a charge of desertion, whatever be her reasons for leaving, if her absenting herself be accompanied by an intent finally to sever the marriage relationship in fact, so as to amount to an extra legal divorcement. Within these limitations, each case must be left to the sound judgment of the trier. The broad ruling of the court precluded the defendant from showing any situation which might justify her refusal to cohabit with her husband and it was therefore erroneous.

. There is error and a new trial is ordered.

In this opinion the other judges concurred.