## ALFRED ELMS
*vs.*
## GLADYS ELMS

Superior Court          Fairfield County          File No. 60945

■■■■

MEMORANDUM FILED APRIL 7, 1941.

*Joseph Davidson,* of Stamford, for the Plaintiff.

*Joseph Sherman,* of Stamford, for the Defendant.

FOSTER, J. In this case the plaintiff claims a divorce from the defendant upon the ground of desertion. The defendant claims by way of cross complaint a divorce from the plaintiff on the ground of desertion.

One of the grounds for divorce in this State is "willful desertion for three years with total neglect of duty." (Gen. Stat. [1930] §5174.)

In July, 1932, the defendant went to a sanitarium for tuberculosis, where she remained as a patient until November, 1936. At that time her disease was pronounced as "arrested", and she returned to her husband's home in Stamford. During her stay at the sanitarium her husband visited her once each week. During the absence of his wife from home the plaintiff lived with his mother and other members of his family and contributed to their support. When the defendant returned to the home she made one more in a large family. She occupied a room with her husband. The plaintiff is a printer and for some time prior to his wife's return to the home he had been an officer in the printers' union. This required that he be out late at night at the end of each week. When his wife returned to him, he had acquired habits of living without her for four years. She was somewhat of an invalid—well, but not strong—and he was not willing to change his habits of life at her request. She asked him to establish a separate home for them, and he refused to do so, on the ground that his assistance was required in the maintenance of his mother and other mem-

bers of the family. His wife became suspicious that at the end of the week he was out at night with other women. So far as the evidence discloses, these suspicions were groundless. The plaintiff's family treated the defendant well. In September, 1936, the defendant took a part of her personal property and went to the home of her mother. She claims that for long periods of time while living with her husband he refused to speak to her. He claims that she continually upbraided him about being out late at night at the end of the week and was not furnishing a separate home for them. He claims that when she so upbraided him he came to the point of making no answer and remaining silent for substantial periods of time.

When the defendant left her husband's home she did not intend to remain away from him permanently. Later she tried to see him and talk with him and persuade him to take her back, but he refused to do so. They have continued to so live apart up to the present time.

"A plaintiff is not entitled to a divorce on the ground of desertion where he consents to the separation at its inception or, if it was then against his will, thereafter by his overt acts manifests his consent to its continuance." *Spargo vs. Spargo,* 107 Conn. 406, 407. *See, also, Campbell vs. Campbell,* 110 id. 277.

While the plaintiff did not orally consent to his wife leaving him, he never thereafter made the slightest effort to secure her return. Later, when she expressed to him her desire to return, he repelled her. By his silence following his wife's leaving him, he consented to such act on her part, and later by repelling her advances he consented to such separation.

The plaintiff is not entitled to a decree of divorce from the defendant on the ground of desertion.

There was no intent on the part of the plaintiff to desert his wife at the time she left him in September, 1937. There was not on his part any "wilful desertion....with total neglect of duty" required by statute. It may be that at some time since that date the plaintiff has been guilty of acts toward his wife that amount to a legal desertion, but upon the evidence in this case such desertion cannot be determined. Upon the evidence here presented a decree of divorce on the ground of desertion cannot be granted to the defendant against the plaintiff.

I see no reason why these parties should not compose their differences and live together as man and wife. If they do not do this, the plaintiff ought to continue to pay his wife $12 a week for her support and maintenance, as he is now doing; but this the court cannot order in this suit upon the finding here made.

Judgment may be entered in favor of the defendant against the plaintiff upon the complaint and in favor of the plaintiff against the defendant upon the cross complaint.