## SELIM BACCASH
### *vs.*
## MATILDA GABELLI BACCASH

Superior Court        Fairfield County        File No. 63846

MEMORANDUM FILED JUNE 11, 1942.

*Edward W. McPadden,* of Bridgeport, for the Plaintiff.

*Milton H. Hausman,* of Bridgeport, for the Defendant.

Memorandum of decision in action for divorce.

BOOTH, J.  The action is for a divorce on the grounds of intolerable cruelty and desertion.  No claim was made at the trial based upon the charge of intolerable cruelty, and indeed none could successfully have been made, as this issue in an action between the same parties was rendered *res judicata* by a former decree of this court, since which time the parties have resided separately, thus rendering impossible any opportunity to the defendant of performing additional acts of cruelty toward the plaintiff.  The only question then concerns the charge of the plaintiff that the defendant wilfully deserted him for more than three years prior to the date of the present complaint, which date is November 19, 1941.

Desertion involves the co-existence of the following conditions: (1) Cessation from cohabitation, (2) an intention on the part of the absenting party not to resume it, (3) the absence of the other party's consent, and (4) the absence of justification.  *Todd vs. Todd,* 84 Conn. 591.  The evidence discloses that the plaintiff is a Syrian by birth and the defendant was born of Syrian parents in Central America; that they were married on August 1, 1921, and lived together until June or July, 1937, during which period four children were born to them; that their life together, while not entirely harmonious, was tolerated by both until about July, 1937; that during the latter part of this period the plaintiff, the defendant and their four children lived in a house owned by the plaintiff in Stratford, Connecticut; that in July, 1937, the plaintiff moved his family into two attic rooms in the house occupied by them, rented to others the rooms formerly occupied by them, sold the property to his brother, left the defendant in the aforesaid attic rooms and together with the children went on a trip to Syria without making any provision for the defendant's support; that due to the defendant's lack of financial ability she was unable to continue to reside in Stratford and soon removed to the home of her mother in Brooklyn, New York, where she has since resided; that in the fall of 1938 the plaintiff and his children returned to America; that since their return the plaintiff has re-purchased his former home in Stratford and he and his children have ever since resided therein, while the defendant has continued to reside in Brooklyn; that at no time since the separation in 1937 has the plaintiff done anything for the defendant's support nor has he made any honest effort to secure her return to his home.

From the above and all of the other evidence in the case it is found that the plaintiff has failed to properly establish any one of the essential conditions necessary to constitute desertion on the part of the defendant. During the trial claim was made that if the court failed to find actual desertion it would be justified in finding that the conduct of the defendant toward the plaintiff was such as to constitute constructive desertion on her part. In order to justify a husband in leaving his wife there must be such improper conduct on her part as would defeat the essential purposes of the marriage relation or the circumstances must be such that he has good reason to believe that cohabitation cannot longer be continued with due regard to his health, or safety, or that the conditions of his marital life have become intolerable. *Campbell vs. Campbell*, 110 Conn. 277, 279, 280. While some evidence was offered concerning the claimed treatment of the plaintiff by the defendant and its claimed effect upon him, there also appears in evidence a copy of a letter written by him to her just prior to his departure for Syria in which he at least pretends to desire the companionship of the defendant as his wife. This, of course, is in contradiction of his claim concerning constructive desertion. He cannot say in one breath that life with the defendant is intolerable and in the next that his desire is to continue such life and expect the court to give credence to the former only. In fact the claims of the plaintiff throughout the trial were so filled with inconsistencies as to leave the truth thereof to conjecture only. In short, it is found that the plaintiff has failed to properly establish by the evidence that the defendant either actually or constructively deserted the plaintiff or that the defendant was guilty of intolerable cruelty toward the plaintiff since the date of the former decree of this court before referred to.

The petition is therefore dismissed.