KATHE Z. SMITH *v.* JOHN SMITH.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 4—decided March 5, 1943.

*Joseph J. Rinaldi,* for the appellant (plaintiff).

No appearance for the appellee (defendant).

DICKENSON, J. This was an uncontested action for divorce based upon the ground of desertion. The trial court found that the defendant had wilfully ab-

sented himself from the society of his wife without any intention of returning, but rendered judgment against the plaintiff on the ground that she had failed to prove that his desertion was without her consent. The assignments of error attack the finding and conclusion.

With such corrections as we find the plaintiff entitled to, the facts are these: The parties were married in September, 1936, and separated in December of the same year. They had quarrelled over money matters, the plaintiff having difficulty in keeping house on the money her husband gave her. Early one morning the defendant packed his bag and left without telling his wife of his intention. Since then the parties have not lived together and the defendant has not furnished the plaintiff with any support. The plaintiff was glad that he left because her married life had not been happy.

The trial court concluded that "her happiness at his leaving leaves unestablished the third essential stated in *Todd* v. *Todd,* 84 Conn. 591 [593, 80 Atl. 717]." In that case we stated that the definition of desertion as a statutory ground for divorce involved the coexistence of four conditions: "(1) Cessation from cohabitation, (2) an intention on the part of the absenting party not to resume it, (3) the absence of the other party's consent, and (4) the absence of justification." The trial court decided that the wife's happiness upon discovery that her husband had left her was the equivalent of consent that he leave her. *Todd* v. *Todd,* supra, in its text furnishes some support for the conclusion. We therein remark that the absenting of one party shall be "in spite of the wish of the other." This expression is taken from *Tirrell* v. *Tirrell,* 72 Conn. 567, 570, 45 Atl. 153, where we quoted it from an English case, *The Queen* v. *Cookham*

*Union,* L. R. 9 Q. B. Div. 522, 527. In *Dow* v. *Dow,* 97 Conn. 488, 490, 117 Atl. 507, we quoted the four conditions set up in *Todd* v. *Todd* and stated, "There does not appear to have been at any time an absence of plaintiff's consent to the continued separation from the defendant, so that the third condition necessary to constitute desertion noted in *Todd* v. *Todd* is not found."

The facts in these three cases are not helpful upon the exact question before us. In *Tirrell* v. *Tirrell* the defendant husband furnished his wife with support on a court order and we held that this did not affect the intention to desert. In *Todd* v. *Todd* the wife left the husband and continued her desertion after he had begged her to return. In *Dow* v. *Dow* the plaintiff husband removed his family to another house and then informed his wife that he intended not to live with her. He did take his meals with her, however, until a later period when they had an altercation; his wife told him not to come any more and he did not. We held that constructive desertion was not in the case because of a faulty finding and that as to actual desertion it did not appear that there was an absence of the plaintiff's consent to the continued separation. *The Queen* v. *Cookham Union* was a settlement case and the statement therein was dictum.

The trial court was in error in ruling that the plaintiff's statement on trial that she was glad her husband had gone was the equivalent of consent to his leaving. She might, despite the fact that she was unhappy in the marriage relationship, have continued to live with the defendant as his wife as, indeed, the evidence brought before us in connection with the assignments of error in the finding indicates. Answering the first question propounded by the court on the subject of whether she was not pleased that he had gone, she

said, "I was very surprised that he left." When the court repeated the question she said, "I can say 'yes' because he didn't make me very happy." Her counsel, continuing the examination, asked her, if her husband had not left her, would she have continued to live with him, and her answer was that she did not know; she did not think so. There is no finding or support for one that at the time of his leaving she had formed any intention not to stay with him. There was no opportunity for her to consent or dissent from his desertion at the time when he left her, and she could only know of his desertion, as contrasted with his leaving, after and because of his continued absence. Earlier in her testimony she said, "I figured as long as I am married, I may as well stick it out," and in response to a following question by the court as to whether, had he remained, she would have continued to live with him as his wife she answered, "No, not now." This was a statement of her feeling at the time of the trial some six years after the leaving. That in retrospect she was glad he was gone and did not think she would have continued to live with him was not evidence of consent. The conduct of the defendant in leaving and continuing to absent himself destroyed the marriage relationship, which otherwise might have continued, and constituted a wrong against the plaintiff. That she later perforce acquiesced in it does not right the wrong or amount to that consent which would take away her right to claim that her husband had deserted her. As stated in *Ford* v. *Ford*, 143 Mass. 577, 578, 10 N. E. 474, where a husband was claiming a divorce for desertion: ". . . when a wife leaves her husband, he may be glad to be rid of her, but may stand upon his rights and give her a home as long as she will accept it." See also *Moody* v. *Moody*, 118 Me. 454, 457, 108 Atl. 849; *Murray* v. *Murray*, 80 Pa. Super. 575, 577.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J., JENNINGS and ELLS, Js., concurred.

BROWN, J. (dissenting). The decision of the majority that a new trial must be ordered rests upon the conclusion that "the trial court was in error in ruling that the plaintiff's statement on trial that she was glad her husband had gone was the equivalent of consent to his leaving." Since to my mind the record does not establish that this was the court's ruling, I am unable to concur in the opinion. The scope of the term "consent" as used in the opinion is restricted to the plaintiff's existing state of mind, without reference to the communication thereof to the defendant. It is in this sense that I consider it. Primary meanings of consent are "acquiescence" or "approval." Webster's New International Dictionary. This being an uncontested case, it was particularly incumbent upon the trial court to fully satisfy itself that the plaintiff sustained the burden which rested upon her of proving the four essential requisites of a divorce for desertion which are recited in the opinion. One of these was "absence of consent" on her part. The court found these facts, which are established by the evidence: The plaintiff was glad that the defendant left; had he not left she would not have continued to live with him; and it did not appear that she ever made any effort to locate him after he had gone. Its conclusions were that "the subordinate facts do not permit the conclusion that it was against her wish or desire that he left," and "her happiness at his leaving leaves unestablished the third essential" of absence of consent. As I interpret the words quoted, the gist of the court's conclusion was,

not that the plaintiff's happiness at the defendant's leaving "was the equivalent of consent," as stated in the opinion, but only that in view of the evidence establishing the subordinate facts recited above, considered in the light of the total lack of any absence of consent other than the fact that she had not left first, it was not satisfied that the plaintiff had sustained the burden of proving the essential absence of consent, that is, the absence of acquiescence or approval upon her part. In my judgment it cannot be held that as a matter of law upon this record the only reasonable conclusion the court could have reached was that the plaintiff did not consent.

I, therefore, conclude that there was no error.