IDA I. LINDQUIST *v.* ARTHUR A. LINDQUIST

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 6—decided August 1, 1950

*Julius W. Frankel,* with whom was *Harry Freedman,* for the appellant (defendant).

*William Hanna,* for the appellee (plaintiff).

BROWN, C. J. The plaintiff brought this action for divorce on grounds of adultery and of desertion alleged to have occurred July 10, 1942. The defendant filed a cross complaint alleging that the plaintiff deserted him

on October 13, 1932. The court found the issues for the plaintiff on the complaint upon the ground of desertion only, and also found for the plaintiff on the cross complaint. The defendant has appealed but makes no claim that there was error in the judgment as to the cross complaint.

We summarize the material facts established by the finding as corrected. The plaintiff and defendant were married on October 14, 1909. They lived together in Brooklyn, New York, until 1931, except that the defendant was away from home at times when his work as a foreman carpenter took him to other cities. While steadily employed he adequately supported the plaintiff, and she frequently worked as a domestic with his approval while he was away. In 1929 the defendant lost his job and in 1931 bought a gas station and house in Newtown, Connecticut, where he proceeded to conduct a gasoline and restaurant business. Business was poor and at the defendant's suggestion the plaintiff obtained work as a domestic. This frequently took her away from home.

The defendant had a violent temper and at times, when he displayed it, the plaintiff was afraid of him and was hesitant to oppose his suggestions. On July 10, 1942, as she was leaving the house, he told her to take all of her clothes. She returned to the co-operative apartment in Brooklyn which the defendant had purchased with their joint funds in 1919 and where their son lived, and she has continued to live there with the son's family ever since. She also continued her work as a domestic until forced by impaired health to give it up. Between 1931 and 1942 the son paid the charges for the apartment and after that he and she together paid them. The defendant has contributed nothing to the plaintiff's support since July 10, 1942. Since sometime prior to 1942 the defendant had been

on very friendly terms with Olga Olfaken. After the defendant sold the Newtown property and acquired a place in Danbury in 1946, Olga Olfaken, who was employed elsewhere, kept her clothing in the defendant's house and frequently spent her weekends there. The plaintiff came to know of this friendly relationship, and once when she called there unannounced found Olga Olfaken cooking a meal in the kitchen and saw her clothing in the bedroom. The plaintiff made no effort to effect a reconciliation with the defendant. Since the separation in 1942 the defendant has neither desired the return of his wife nor the resumption of marital relations with her.

The court concluded that the defendant wilfully deserted the plaintiff on or about July 10, 1942, and continued that desertion to the date of the complaint. The desertion for three years which is a ground for divorce under § 7327 of the General Statutes is "the wilful absenting of one party to the marriage contract from the society of the other, coupled with the intention on the part of the absenting party to live apart, in spite of the wish of the other, and not to return to cohabitation." *Dow* v. *Dow*, 97 Conn. 488, 490, 117 A. 507. "This definition involves the co-existence of the following conditions: (1) Cessation from cohabitation, (2) an intention on the part of the absenting party not to resume it, (3) the absence of the other party's consent, and (4) the absence of justification." *Todd* v. *Todd*, 84 Conn. 591, 593, 80 A. 717. The defendant's fundamental contention is that the plaintiff failed to sustain her burden of establishing the second and third essentials and that, therefore, there was error in the court's conclusion. We confine our discussion to the defendant's claim as it relates to the third essential, since in our view this is conclusive of the appeal.

Although the defendant explicitly raised this issue by

his claims of law, the court did not expressly find that the separation was against the will of the plaintiff and without her consent, nor did it find any facts sufficient to sustain this conclusion as a matter of law. The finding fails to disclose one very material fact which existed at the time of the separation. This was that during the period from 1931 to 1942, while the plaintiff was working in Brooklyn and living there in the apartment with her son, she came each year to Newtown where she spent approximately ten days of her vacation and cohabited with the defendant, and that her departure on July 12, 1942, was upon the conclusion of the last of these annual vacation visits. Inasmuch as the defendant has failed to seek a correction of the finding in this respect it might well be held that he is not entitled to the benefit of it upon this appeal. The state as well as the parties, however, has an interest to be considered in every divorce action. *Dochelli* v. *Dochelli,* 125 Conn. 465, 467, 3 A. 2d 666; *Dennis* v. *Dennis,* 68 Conn. 186, 197, 36 A. 34. Since the plaintiff, whose testimony the court, as stated in its memorandum of decision, accepted as reliable, testified to the fact, and counsel for both parties have assumed its existence in argument in this court, we take it into account in connection with the other relevant facts which were found. In the light of this situation, there is reason to infer that the plaintiff voluntarily and without sufficient justification decided to leave and not return, and that the separation was not against her will or consent. See *Spargo* v. *Spargo,* 107 Conn. 406, 407, 140 A. 765. Be this as it may, the trial court failed to find as a matter of fact that the separation of the parties was without the plaintiff's consent, and all of the facts would not justify us in drawing such an inference as a matter of law. It follows that the court's conclusion to the effect that there was a wilful desertion of the

plaintiff by the defendant on or about July 10, 1942, entitling the plaintiff to a decree on the ground of desertion cannot be sustained.

The record does not specifically state that the court rested its decision upon so-called constructive desertion. This court has never passed upon either the allegations which might be required to set up such a cause of action; see *Succhierelli* v. *Succhierelli,* 101 N. J. Eq. 30, 137 A. 839; or the sufficiency of this theory as ground for a decree, and it is unnecessary to do so in this case. According to the rule as it has been stated in jurisdictions where it has been adopted, where a spouse intentionally brings the cohabitation to an end by misconduct which renders the continuance of marital relations so unbearable that the other leaves the family home, the former is the deserter and the latter may obtain a divorce on that ground. *Higgins* v. *Higgins,* 222 Ala. 44, 45, 130 So. 677; *Succhierelli* v. *Succhierelli,* supra, 33; 27 C. J. S. 567; 17 Am. Jur. 201. Where the rule has been adopted, serious misconduct upon the part of the offending spouse is held essential to its application. In no event could misconduct of an offending husband be held to afford a basis for a decree on the ground of constructive desertion unless it was so improper as to defeat the essential purposes of the marriage relation or give the wife good reason to believe that cohabitation could no longer be continued with due regard to her health or safety or otherwise render continued cohabitation intolerable. See *Campbell* v. *Campbell,* 110 Conn. 277, 279, 147 A. 800. A threat by the offending spouse to kill his wife could undoubtedly under certain circumstances constitute such misconduct. The finding as made by the court in this case included a finding of such a threat by the defendant, but there is no sufficient evidence in the record to support it. Therefore, neither any such threat nor the

apparently improper relationship between the defendant and Olga Olfaken, which, so far as appears, first came into existence at a time substantially after the plaintiff's final departure, could constitute the serious misconduct of the defendant requisite to bring the case within the above principles.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.