ADOLPH F. PEMPEK v. HELEN Z. PEMPEK

INGLIS, C. J., BALDWIN, O'SULLIVAN and WYNNE, JS.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued October 8—decided November 3, 1954

*William P. Barber,* with whom, on the brief, was *Raymond T. Wheaton,* for the appellant (plaintiff).

*Irwin I. Krug,* for the appellee (defendant).

INGLIS, C. J. In this action the plaintiff prayed for a divorce on the ground of desertion and the defendant by cross complaint sought to recover support. The trial court found for the plaintiff on the cross complaint but rendered judgment denying the divorce. From that judgment the plaintiff has appealed.

The court found the following facts: The parties were married on June 18, 1949. At the time of the marriage they were both employed, the plaintiff as a police officer and the defendant in a factory, and they both continued their employment after the marriage. By early October, 1949, they were having serious disagreements about their family finances. Their quarrels produced an estrangement, and as a result each spent more and more time with his or

her parents. In February, 1950, and again in March, the defendant threatened to leave the plaintiff. They each retained counsel. An attempt by counsel to bring about a reconciliation failed largely because the defendant insisted upon having an unreasonably large measure of control over the family finances.

Thereafter, the parties agreed that they would separate early in May and further agreed upon a division of their jointly owned property, including their bank account. On May 2, 1950, the plaintiff, on learning that his wife was moving some of their furniture, went to their home accompanied by a fellow police officer. The plaintiff made no objection to the defendant's taking any of the property which she was having loaded into a car and a truck. Indeed, while the defendant was in the process of packing her belongings, the plaintiff requested her to complete that work and leave within an hour. He was desirous that the defendant leave and acquiesced in her leaving. Shortly after May 2, the defendant's attorney suggested to the plaintiff that a further effort be made to bring about a reconciliation, but the plaintiff was not interested in having the attempt made.

Upon these facts, the court concluded that although there had been a cessation of cohabitation between the parties for more than three years with an intention on the part of the defendant that this cessation continue unless she was given practically complete dominance of and control over the family finances, and although there was no justification for the defendant's leaving the plaintiff, nevertheless the plaintiff was not entitled to a divorce because he had consented to the cessation of cohabitation.

The plaintiff attacks the finding of subordinate facts in that it is found that the parties agreed to a

separation. That finding, however, is supported by the plaintiff's own testimony. In reply to the question "You both agreed you would be better off separated and you both agreed to separate?" he replied, "That's right." Moreover, that such an agreement existed might reasonably have been inferred from the entire conduct of the parties as detailed in the finding of other subordinate facts. The plaintiff also claims that the court should have found that he offered the defendant a home as long as she would accept it. There was no evidence of any such offer.

The main contention of the plaintiff on this appeal is that the court erred in concluding that he had failed to establish that he had not consented to the separation, one of the four essential elements of desertion as a ground for divorce. *Todd* v. *Todd,* 84 Conn. 591, 593, 80 A. 717. This makes it necessary for us to consider just what is the nature of the consent which precludes a divorce on that ground.

The consent which will preclude a divorce must be something more than a passive acquiescence in the separation resulting from a recognition that there is no likelihood that the deserting party can be dissuaded from living apart. *Pettis* v. *Pettis,* 91 Conn. 608, 611, 101 A. 13. This is true even though in addition the deserted spouse is on the whole not unhappy about the desertion. *Smith* v. *Smith,* 129 Conn. 704, 707, 30 A.2d 916. To constitute the sort of consent on the part of the plaintiff which will bar his action, there must be a positive willingness on his part that the cessation of cohabitation occur and continue. *Lindquist* v. *Lindquist,* 137 Conn. 165, 168, 75 A.2d 397; *Spargo* v. *Spargo,* 107 Conn. 406, 407, 140 A. 765; *Dow* v. *Dow,* 97 Conn. 488, 491, 117 A. 507; *Colt* v. *Colt,* 90 Conn. 658, 660, 98 A. 292.

In the present case, the plaintiff contends that the subordinate facts found indicate that all possibility of reconciliation between him and his wife had been exhausted and that, therefore, his acquiescence in her leaving was justified. Whether that is so or not makes little difference, because he did more than passively acquiesce. He actively induced the separation by agreeing to it. His agreement was something more than for a division of property. That alone might not have been convincing evidence of his consent to the separation. It might have indicated nothing more than that he was making the best of a bad situation for which he was not to blame. But the finding goes further than that. It is to the effect that he agreed to the separation itself. That clearly was an overt act evidencing his affirmative approval of the cessation of cohabitation. It, therefore, warranted the court's conclusion that he had consented to the separation.

There is no error.

In this opinion the other judges concurred.