Betty L. MARCEY, Appellant,

v.

Melvin L. MARCEY, Appellee.

No. 1920.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 28, 1957.

Decided April 1, 1957.

Louis S. Papa, Washington, D. C., for appellant.

B. Austin Newton, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant filed a complaint against her husband for absolute divorce on the ground of desertion for two years under the provisions of Code 1951, § 16–403, and for permanent custody of their minor child. The trial judge ruled that she had failed to prove desertion and accordingly entered an order denying the divorce. This appeal assigns as error the finding that the evidence proved a mutual agreement between the parties to separate and not a desertion by the husband.[1]

The testimony of the appellant established that she married the appellee in 1951; that sometime during the marriage the husband began drinking excessively, working irregularly, and failing to assume the proper responsibilities of a husband and father.

1. Code 1951, § 16–403, also allows an absolute divorce if the parties voluntarily separate from bed and board for five consecutive years without cohabitation.

Several months before he left the family home, she was aware that he intended to leave "[b]y his attitude—his drinking"; however, her repeated efforts to persuade him to stay and keep the family together failed when he informed her on October 1, 1954, that he was leaving. A neighbor who lived next door to the Marcey home testified that she saw the husband and his brother pack an automobile with the husband's belongings and that the husband told her he was leaving and never going back to his wife.

No objection was made by appellant at the time her husband left because she "felt there wasn't anything I could do." She testified, "I tried very hard to make a go of it with him. I found there was no use trying." She further testified that she felt it was impossible for them to get along and believed it best for herself and their daughter that he leave. Because appellant was unemployed and left without money, she and the child went to live with her parents, where she still lives. Since his departure, the husband has neither visited his wife or child nor provided for their support. The husband neither testified nor offered any evidence.

■ Code 1951, § 16–403, provides that desertion for two years constitutes a ground for absolute divorce. Early decisions in this jurisdiction have determined that desertion contemplates a voluntary separation of one party from the other without justification, an intention not to return, and the absence of consent or connivance of the other party; the separation and intent must concur to meet the requirements of desertion.[2] The only question presented for our determination is whether the evidence is such as to warrant a finding that the appellant consented to her husband's leaving.

Whether there was consent to the separation must be determined in each case by an examination of the conduct of the parties.

■ The consent necessary to bar a divorce for desertion must be found in some affirmative conduct by the complainant amounting to participation in the conduct of the opposite spouse; silent acquiescence is not sufficient. The mere acceptance of a fixed determination to leave, or the failure of the innocent party to object to the other's departure, will not constitute consent; nor is the innocent party obliged to exert physical force or other importunity to prevent the other party from leaving.[3]

■ Considering the testimony as a whole, a proper evaluation would seem to indicate that having failed in previous attempts to preserve the marriage and to hold the family together, appellant's attitude on her husband's departure reflected frustration, hopelessness, and resignation. Her words, "I felt there wasn't anything I could do", indicate a recognition of the inevitable and an acceptance of her husband's irrevocable decision to leave, rather than consent. Her failure to object to his leaving constituted nothing more than silent acquiescence to the inevitable.

At most, her testimony to the effect that she felt it best that her husband leave, and her statement that she did not believe they could get along together, might border on consent, but only if considered separate and apart from the other evidence. However, it has been ruled that even statements by the deserted spouse tending to show that one is not unhappy about the desertion are not sufficient to constitute consent.[4] Having tolerated the husband's intemperance and his failure to assume family responsibilities to the point where reconciliation was

2. Blandy v. Blandy, 20 App.D.C. 535; Hitchcock v. Hitchcock, 15 App.D.C. 81.

3. Roden v. Roden, 29 Ariz. 549, 243 P. 413; Pempek v. Pempek, 141 Conn. 602, 109 A.2d 238; Givner v. Givner, 201 Md. 333, 93 A.2d 563; Scholz v. Scholz, 113 Pa.Super. 359, 173 A. 761; McIntyre v. McIntyre, 92 Pa.Super. 310; 1 Nelson, Divorce and Annulment (2d ed.), § 4.12.

4. Pempek v. Pempek, note 3, supra; Smith v. Smith, 129 Conn. 704, 30 A.2d 916; Winner v. Winner, 122 Pa.Super. 382, 186 A. 245.

impossible, we do not think the law is so stringent as to demand that a wife create a false façade of protest in the face of futility in order to show lack of consent. It was never contemplated that the testimony of an innocent party in a divorce case should be subjected to any closer scrutiny than that of parties in other types of litigation, or that lay persons should be expected to cast their testimony in the formalized language of the law.

The Court of Appeals of Maryland in discussing the alleged consent of a wife who said, " 'well, if you want to go, go on and go, but you are going to have to take care of these children' ", stated:

" * * * She could not prevent his leaving, and her statement was no more than the acknowledgment of the inevitable, a mere expression of her resignation to circumstances which she could neither prevent nor control, it certainly was neither a condonation of his purpose nor an excuse for it." [5]

In Smith v. Smith, 129 Conn. 704, 30 A. 2d 916, 918, referring to a wife's testimony given some years after the desertion, the court said: "That in restrospect she was glad he was gone and did not think she would have continued to live with him was not evidence of consent."

We cannot rule in this instance that appellant's conduct constituted such consent as to bar the divorce; however, we commend the trial judge for demanding strict proof of the essentials in divorce cases, particularly where the other spouse does not defend. While it was not the intention of Congress to make the District of Columbia a haven for easy divorces, it was the purpose of the 1935 liberalizing amendment [6] to terminate in law those marriages which had ceased to exist in fact, provided the statutory grounds are present.[7]

Reversed with instructions to grant a divorce to the appellant on the ground of desertion.

---

5. Miller v. Miller, 178 Md. 12, 11 A.2d 630, 634.

6. Aug. 7, 1935, 49 Stat. 539, ch. 453, § 1.

7. Vanderhuff v. Vanderhuff, 79 U.S.App. D.C. 153, 144 F.2d 509; Parks v. Parks, 73 App.D.C. 93, 116 F.2d 556.