## ADOLPH F. PEMPEK *v.* HELEN Z. PEMPEK

SUPERIOR COURT        WINDHAM COUNTY        FILE No. 14091

Memorandum filed July 1, 1970

*Arthur Kaminsky,* of Putnam, for the plaintiff.

*William M. Krug,* of Willimantic, for the defendant.

PARSKEY, J. The marriage occurred on June 18, 1949. From its inception it was a marriage in name only. The principal reason for the breakdown was the defendant's unusual attachment to her mother. With rare exception the defendant visited with her mother in the morning and in the evening day in and day out seven days a week. As a consequence, the plaintiff was denied the companionship he had a

right to expect. Her frequent visits were so well known that she was referred to in the neighborhood and among the plaintiff's friends and fellow employees as a mama's girl. The plaintiff, a police officer, soon became the butt of jokes around the police station. Additionally, the parties quarreled over finances. The defendant insisted on controlling the family purse strings. As a result of the defendant's peregrinations and of the money quarrels, the plaintiff became emotionally depressed and his ulcerous condition was aggravated. In May, 1950, the parties separated and the plaintiff instituted an action for divorce on the ground of desertion. The court *(Anderson, J.)*, denied a decree and on appeal the Supreme Court affirmed. *Pempek* v. *Pempek,* 141 Conn. 602. Following this decision, on November 3, 1954, the plaintiff made numerous efforts to effect a reconciliation provided the defendant agreed to give the plaintiff her first loyalty and provided she would curtail her daily visits to her mother, but the defendant refused. As a result, the plaintiff's health continued to deteriorate. The parties have not cohabited as man and wife for the past twenty years, although until about eight years ago they had had sexual relations about fifteen times.

The court is satisfied that the cumulative effect of the defendant's conduct constituted intolerable cruelty. When matriphilia is such that it results in one's husband becoming the laughing stock of his friends, fellow employees and neighbors, it is time to cry enough. As for the catch-as-catch-can sexual relations, the court is not persuaded that such acts constituted condonation. Indeed, it is remarkable that the plaintiff kept his biological urge under such unusual control in the circumstances.

Let a decree enter for the plaintiff.