A contract between husband and wife for separation being against public policy, should not be enforced by the Chancellor on her bill for that purpose.

Tho' the time of abandonm't may not have authorized any decree when the original bill was filed, yet if before the filing an amended bill the abandonment has been sufficiently long to authorize a decree of divorce *a mensa et thoro* and for alimony, it may be decreed.

The father purchased a tract of land worth 1200 dollars, conveyed it to his son, who re-conveys it to the father and afterwards marries and separates from his wife; she files her bill for alimony and divorce; without proof other than the mere relationship, the Chancellor will not be authorized to declare the property thus held by the fa-

## McCrocklin *vs* McCrocklin.

### APPEAL FROM THE LOUISVILLE CHANCERY COURT.

#### *Alimony. Divorce.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

WE concur with the Cancellor in the opinion that the contract of separation between Jesse McCrocklin and his wife should not be enforced by decree, on her bill filed for that purpose, such contracts being generally inconsistent with public policy, and there being no proof in this case that there was any such cause for the separation as would have authorized a court of equity to decree a divorce, or would have justified a voluntary separation by contract.

And we concur with the Chancellor also, in the opinion that, upon the alternative prayer for *alimony*, on the ground of abandonment by the husband, continued for more than a year before the filing of the amended bill in which that prayer was made, may authorize a decree for a divorce *a mensa*, and for *alimony*, there being no proof that the abandonment was justified, or could be excused on any legal ground.

But we cannot sustain the decree for alimony as rendered against *William McCrocklin*, the father of the said *Jesse*, as trustee of the land which the said *Jesse* had conveyed absolutely to the said William before his intermarriage with the complainant.

William having bought and paid for the land, had it conveyed to Jesse; sometime afterwards Jesse conveyed it absolutely to William, reciting as the consideration, $1200, which was the price which William had originally paid for it. William and Jesse both asseverate in their answers, that this conveyance was thus made because Jesse was unable to refund to William the said sum which William had so paid. The conveyance is expressly made to William's exclusive, absolute, and beneficial use. It intimates no trust—and even if it had been made without any valuable consideration, still, as it is

made to the grantee's use, there can be no resulting or implied use to the grantor, as between those parties merely, and there is no extraneous proof of any such trust; there is even no proof that the land was originally conveyed to Jesse as an advancement; but if it might be presumed to have been an advancement, that fact would not tend to show that his conveyance to his father was in trust for himself.

The contract of separation by which the said William was made a trustee, and to which he was a party, covenants that he may sell all Jesse's estate, *real* and personal; and it is true that the proof tends to show that Jesse had no real estate, unless he had some equitable interest in this tract of land.

But it is said that a lawyer drew that document without any special instruction, and used the expressions "*real* and personal estate" as presumed, inadvertently, or through abundant caution, without knowing the character or extent of Jesse's estate; and this is not at all improbable, for, had the parties intended to include this tract of land, the omission to identify it in the deed of separation and trust was unaccountable, and especially as it seems to have been worth about four times as much as the personal estate which Jesse did own, and the more especially, also, as William McCrocklin held an absolute conveyance of it from Jesse, and the latter had neither written nor oral evidence of his being entitled to any interest in it.

Such expressions in such a document cannot, in our opinion, establish a trust as to the land between *William* and *Jesse*.

Nor is there any proof of fraud on the complainant's marital rights, for it does not appear that Jesse McCrocklin even knew her at the date of his conveyance to his father; nor is there any evidence tending to show that she was ever induced to believe that the land was, in any sense, Jesse's.

We cannot, therefore, perceive any sufficient ground for deciding, as the Chancellor did, that William holds the land in trust for Jesse or his wife, and therefore de-

McCROCKLIN
*vs*
McCROCKLIN.

ther a trust, and decree alimony to the wife out of the profits thereof.

creeing against William the payment of alimony out of the profits.

The decree against William McCrocklin is, therefore, reversed and the cause remanded for such decree, as between the husband and wife, as may be equitable; although he may own little or no property, that fact alone might not absolve him from his duty to contribute, even by his labor, something towards the maintenance of his wife and infant child in her possession, and with his consent, under her care.

*Grigsby* for appellant.