## Alonzo B. Rudd v. Lewey C. Rudd.

*Equity pleading and practice: Proofs must sustain bill.* A complainant in a chancery cause is bound, in order to be entitled to relief, to prove his case substantially as he alleges it.

*Divorce: Separation: Desertion.* A separation of husband and wife by the latter going to her father's, to constitute a basis for divorce under our statute upon the ground of desertion, must have commenced at least

RUDD *v.* RUDD.

two years prior to the filing of the bill and continued during the whole
period without interruption; and mutual treaties and deliberations within
that period with a view to living together again are inconsistent with
the kind of desertion the statute has in view as a ground of divorce.

*Heard October 27.     Decided November 3.*

Appeal in Chancery from Cass Circuit.

*John A. Talbot,* for complainant.

*Andrew J. Smith,* for defendant.

GRAVES, CH. J:

Complainant sued for a divorce on a charge of desertion,
and his case was dismissed.    He filed his bill on the 6th
day of November, 1873, and alleged the marriage on the
20th day of January, 1869, and averred that his wife de-
serted on the 5th day of November, 1871, or two years to a
day prior to the filing of the bill.    He was bound to prove
his case in substance as stated, and hence was bound to show
an actual desertion begun at least as early as November 5th,
1871, and continued without interruption to the time of filing
the bill.—*Cooper v. Cooper, 17 Mich., 205; Porritt v.
Porritt, 18 Mich., 420.*    There is no evidence or claim
of an act of desertion earlier than the time averred, and
the proof is, that the defendant went to her father's and has
since remained there.    We have carefully examined all the
testimony and are not satisfied it amounts to proof that
when the defendant went to her father's she designed abso-
lutely to break off all matrimonial cohabitation for the future;
and this difficulty in complainant's case is increased by the
proof that the parties met afterwards and treated upon meas-
ures for living together.    This last proof goes further than to
show entreaties and tender of kind offices by him to induce
her to return, and which she rejected.    It favors the idea
that the parties were *mutually* consulting and deliberating
upon a basis for living and consorting as husband and wife,
and goes to negative the proposition that either party con-
sidered that matrimonial cohabitation was not to be resumed

or continued. The result is, that in our opinion the bill is not maintained by the proofs, and that the decree should therefore be affirmed, with costs.

The other Justices concurred.