· BENJAMIN WHITMAN *vs.* JERRY F. ANGLUM.

First Judicial District, Hartford, January Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Performance by a vendor of an absolute and unconditional agreement to sell and deliver daily at his farm a certain number of quarts of milk of a specified quality, is not excused nor rendered illegal merely

because his cattle and all the products of his farm are afterward quarantined, if the contract does not require that the milk shall be produced on the farm or from any particular stock.

Argued January 2d—decided March 12th, 1918.

ACTION to recover damages for an alleged breach of the defendant's obligation to supply the plaintiff with milk, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the plaintiff for $119, and appeal by the defendant. *No error.*

On the 5th day of March, 1914, the parties entered into a contract in writing, whereby the plaintiff agreed to purchase and the defendant agreed to sell at least one hundred and seventy-five quarts of milk each day from April 1st, 1914, to April 1st, 1915. The contract contained the following: "The said Whitman is to come and get the milk at No. 1 Wawarme Avenue, in the City of Hartford." The premises of the defendant are known as No. 1 Wawarme Avenue.

On the 23d day of November, 1914, by an order of the Commissioner of Domestic Animals for the State, all the defendant's cattle and products of his farm were quarantined. The defendant was quarantined and he was not allowed to go from the premises. Shortly after the quarantine order, all the cows on the farm were killed.

The quarantine was intended to prevent, as far as possible, all persons and animals from going on or off the premises, as well as to prevent the removal of products of all kinds that might carry infection of the "hoof and mouth disease," then prevalent among the defendant's cattle. From November 22d, 1914, the defendant failed to furnish, or offer to furnish, milk until March 13th, 1915. From a judgment in favor of the plaintiff the defendant has appealed.

*Francis P. Rohrmayer*, for the appellant (defendant).

*James B. Henry*, for the appellee (plaintiff).

SHUMWAY, J. This was an absolute and unconditional undertaking by the defendant to sell and deliver milk daily, of the specified quality and amount. The defendant's claim is that he was excused from the performance of the contract by reason of the quarantine, which made it illegal for him to leave his premises and carry away any products of his farm or any articles that might carry infection. The quarantine order did not make it illegal to deliver milk, nor make it illegal for the defendant to procure its delivery. This much is conceded.

But the defendant contends that the clause in the contract, to wit, "The said Whitman is to come and get the milk at No. 1 Wawarme Avenue," is an essential part of the contract, and as delivery was to be made at the place named, therefore delivery under the terms of the contract was illegal. There is nothing in the record to show that the defendant could not perform his contract. While it may be true that the plaintiff could not enter the defendant's house or go upon other parts of the premises which were under quarantine, it does not follow that the contract could not be performed substantially if not literally. The contract was not to deliver milk produced on the premises. All that can be said is that the defendant was under a temporary disability to perform his contract. He is not, however, released from the obligations of his contract because it was difficult or impossible to perform them, so long as the performance was not illegal. *School District No. 1* v. *Dauchy*, 25 Conn. 530; *Worthington* v. *Charter Oak Life Ins. Co.*, 41 Conn. 372, 401.

There is no error.

In this opinion the other judges concurred.