George R. Deering, Libl't *vs.* Mary A. Deering.

Knox.　Opinion March 6, 1924.

*To constitute utter desertion as a ground for divorce three elements must be proved;*
*first, cessation from cohabitation continued for the statutory period of three*
*years; second, intention in the mind of the libelee not to resume cohabita-*
*tion; third, the absence of the libelant's. consent to the separation.*

In this case the element of the absence of the libelant's consent to the separation
is wanting.　By the overt act of the libelant in making and filing his previous
libel and maintaining it upon the docket of the court until the April Term,
1920, he declared to the whole world his avowed purpose not to live with his
wife but to be separated from her. ' No better proof of his consent to her
absence from his home can well be conceived than this, so long as that prior
libel remained on the files of the court.

On report.　A libel for divorce alleging "utter desertion continued
for three consecutive years next prior to the filing of the libel," under
R. S., Chap. 65, Sec. 2.　Libelant had filed a previous libel alleging
the same charge, which remained on the docket until the April Term,
1920, when it was dismissed without a hearing.　The libel in this case
was filed August 7, 1922, returnable at the January Term, 1923.
Counsel for the libelee filed a motion to dismiss the libel on the
ground that within three years a prior libel alleging the same ground,
brought by the same libelant, had been pending.　By agreement of
the parties the cause was reported upon an agreed statement of facts.
Libel dismissed.

The case is fully stated in the opinion.

*Arthur S. Littlefield,* for libelant.

*Gilford B. Butler,* for libelee.

Sitting: Cornish, C. J., Hanson, Philbrook, Morrill,
Wilson, Deasy, JJ.

Cornish, C. J.　This a libel for divorce based upon the charge of
"utter desertion continued for three consecutive years next prior to

the filing of the libel," under R. S., Chap. 65, Sec. 2. This libel was filed on August 7, 1922, returnable at the January Term, 1923, of the Supreme Judicial Court for Knox County. At the April Term, 1923, the libelee filed a motion asking that the libel be dismissed on the ground that within three years a prior libel for desertion brought by the same libelant had been pending. The cause was then reported to the Law Court on an agreed statement of facts, which recites: "On July 8, 1918, the libelant filed in this Court a libel alleging desertion in 1907. This libel was served for the September Term, 1918, and the libelant was thereafter ordered to pay ten dollars per week during the pendency of the libel, which was paid. The libel was continued on the docket until the April Term, 1920, when without hearing it was entered 'dismissed'."

On this agreed statement the pending libel must be ordered dismissed. The principles of law governing the charge of utter desertion as a ground of divorce have been fully and recently announced in the case of *Moody, Libelant* v. *Moody*, 118 Maine, 454. This court held in that case that to prove utter desertion three elements must concur; first, cessation from cohabitation continued for the statutory period of three years; second, intention in the mind of the libelee not to resume cohabitation; third, the absence of the libelant's consent to the separation. The third element alone is involved here. By the overt act of the libelant in making and filing his previous libel and maintaining it upon the docket of the court until the April Term, 1920, he declared to all the world his avowed purpose not to live with his wife but to be separated from her. No better proof of his consent to her absence from his home can well be conceived than this, so long as that prior libel remained on the docket of the court.

The earliest moment from which utter desertion could possibly be computed would therefore be April, 1920, only two years and four months before the last libel was filed. This falls eight months short of the statutory three years which must be the three years immediately prior to the filing. The libelant must prove absence of consent during all the time since August 7, 1919, and that it is impossible for him to do with the former libel remaining on the docket until the April Term, 1920. That libel did not merely prove a negative absence of consent to separation but a positive and affirmative desire and prayer on his part to make the then existing separation permanent

Vol. 123—30

by means of the order of the court. *Moody* v. *Moody*, supra, is conclusive of this case, and its doctrine is hereby affirmed.

In accordance with the terms of the agreed stipulation the entry must be,

*Libel dismissed.*