E. D. CARR, Appellant, v. MARGARET L. CARR, Appellee.

No. 40829.

JUNE 20, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

Raymond A. Smith and Tinley & Tinley, for appellant.

George H. Mayne, and Mammenga & Kerr, for appellee.

STEVENS, J.—The parties to this action were married January 16, 1893, and lived together as husband and wife until in June, 1923, when appellee was, on a complaint filed by her husband, adjudged insane and confined in the hospital at Clarinda. She remained in the hospital about three months when she was temporarily paroled. She has not since been finally discharged. Upon returning to her home from the asylum, she and her husband made a somewhat extended trip through the east returning to Mt. Morris, Illinois, where a brother-in-law of appellant's lived. Appellee has since that time resided at Mt. Morris, most of the

time in the home of appellant's brother-in-law, occasionally, however, returning to Council Bluffs. Upon her visits to Council Bluffs, she has voluntarily absented herself from the home of her husband and on occasion declined to see him.

On June 22, 1927, appellant commenced an action in the district court of Pottawattamie county against appellee for a divorce. Decree was entered in that action on July 18, 1928, and reversed on appeal to this court November 22, 1929. Carr v. Carr, 209 Iowa 160. Petition for rehearing was overruled and procedendo filed in the office of the clerk of the district court of Pottawattamie county December 4, 1929. The petition in this action was filed May 3, 1930. The ground alleged in each of the petitions for a divorce was desertion. Only documentary evidence was introduced upon the trial of the present case in behalf of appellee. This documentary evidence consisted of the record on the former trial, together with a letter from the superintendent of the hospital at Clarinda.

Immediately prior to May 6, 1927, a stipulation was entered into by and between the parties providing for an equal division of their property. In this settlement, appellee demanded, and was given, certain household goods. In addition, she was paid, in securities or otherwise, $10,535.00 as her share of the property. Before the settlement of May 6th was finally consummated, a hearing was had before Honorable O. D. Wheeler, one of the judges of the district court of Pottawattamie county, upon the application of appellant herein, who had previously been appointed guardian of the property of his wife, for final settlement and discharge. Satisfactory proof having been made, the court found that appellee was then capable of managing and looking after her own affairs. The final report of the guardian was accordingly approved and the guardian discharged. Appellee's sanity has not otherwise been determined.

As stated, this action was commenced May 3, 1930. Answer was filed by appellee admitting the stipulation of settlement referred to but denying the remaining allegations of the petition. Upon the trial below, the court, on October 23rd, 1930, found that appellant was not entitled to a decree of divorce upon the ground of desertion and dismissed his petition. There is nothing in the record tending at all to show that the parties, prior to the

wife's insanity, had any marital difficulties. They are without children.

The judgment in the former case was reversed upon the ground that the evidence was insufficient to overcome the presumption arising from the adjudication of appellee's insanity.

We are inclined to hold in this case that the presumption of insanity is fairly overcome by the evidence. The major difficulty in the case arises out of the issue of desertion. The parties are, of course, agreed that when appellee first absented herself from her husband, she was without mental capacity to form an intent to desert him. Appellant fixes the date on which the guardian was discharged as the time when appellee's intent to permanently desert her husband was formed. This is based upon transactions or conversations then had. There is evidence in the record from which an intention not to return to her husband may be inferred.

Paragraph 2 of Section 10475 of the Code of 1927, relating to the grounds for divorce, provides that a wife may have a divorce from her husband.

"Par. 2. When he wilfully deserts his wife and absents himself without a reasonable cause for the space of two years."

Section 10476 of the Code provides that the husband may obtain a divorce from the wife for like causes. The mere living apart from each other is not alone sufficient to establish desertion as a ground for divorce. The evidence tends to show that appellant on occasions has manifested a willingness to permit his wife to return to her home and live with him. It is equally clear from the testimony that she declined to do so and that she has no present intention of ever returning. More than two years have elapsed since appellant was discharged as guardian and his wife's property restored to her. No evidence tending to show the want of mental capacity in her since that time was introduced. Accepting the showing made by appellant that appellee is sane, has he shown that she has absented herself from him with the intent to desert for two years without just cause?

It will be recalled that a decree of divorce was granted in the former action on July 18, 1928, and that it was reversed on appeal to this court on November 22, 1929. But approximately six months, therefore, intervened between the date on which the

opinion was filed in this court and the commencement of the present action. Except the period that elapsed between May 6 and June 22, 1927, and November 22, 1929, and May 3d, 1930, there has at all times since May 6th been pending in the district court of Pottawattamie county an action, commenced by the appellant against appellee, for a divorce. During a good many months of that period, a decree dissolving the bonds of matrimony between them was in effect. To constitute a ground for divorce, the desertion must have been without just cause and must have existed for two years prior to the commencement of an action based thereon. No such period is shown in this case. It is quite strenuously urged by appellant that the decree granting appellant a divorce in the former action was merely interlocutory until it was reversed on appeal by this court, and that appellee could have returned to her husband during that time. Westphalen v. Westphalen, 212 N. W. (Neb.) 429, a decision of the Nebraska supreme court, is cited to sustain this contention. This proposition is overemphasized by counsel. Surely, appellee was excused from returning, or offering to return to live with her husband, after the decree was granted and prior to its reversal on appeal. This is just as true whether the decree be treated, as in the Nebraska case, as interlocutory or as final. It would seem to be obvious that the allegations of desertion without cause for a period of two years are not sustained. It is difficult to conceive of a more salutary excuse in favor of the appellee for not returning to her husband than the fact that he has obtained a decree of divorce from her. It is true that when the judgment was reversed upon appeal by this court their relations as husband and wife were restored, but this fact can afford no aid in determining whether the absence of the wife may not have been for a just cause.

It is scarcely probable that these unfortunate people now past sixty-five years of age, will ever be able to again live together as husband and wife, but the question before us at this time is one of law and must be decided accordingly. None of the cases cited by the parties in their briefs are decisive of the controlling issue and we shall not discuss them.

In our opinion, appellant failed to make out a case for divorce upon the ground of desertion.

The motion for the allowance of attorney fees was submit-

ted with the case. The attorney for the defendant should be allowed an attorney fee to be taxed as costs in the sum of one hundred dollars. In all other respects, the motion is overruled. The judgment and decree of the court below is, therefore,—Affirmed.

ALBERT, WAGNER, MORLING, and KINDIG, JJ., concur.