FRANK O. CORDNER *v.* ALICE S. CORDNER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 11—decided November 8, 1944.

*Ufa E. Guthrie,* for the appellant (plaintiff).

*William S. Hyde,* for the appellee (defendant).

PER CURIAM. The complaint in this divorce action alleged intolerable cruelty and desertion, but the former ground was not pursued at the trial. The plaintiff has appealed from a judgment dismissing the petition. He claims that, although he left his wife and never returned to live with her, he was justified in leaving because of conduct on her part which constituted intolerable cruelty, or at least was such as would defeat the essential purposes of the marriage. The finding contains no facts which support this contention, and no attempt has been made to add such facts. Another claim is that after he left her he sought a reconciliation and asked her to live with him again, but that she refused to do so. We do not need to discuss the legal effect of such a request, for the court found that none had been made. It was a question of fact, and the court's finding is conclusive. There is a

further claim that the defendant, after the plaintiff left, intended never to resume marital relations, that since this would render any offer of reconciliation fruitless he was excused from making such offer, and that therefore the defendant's passivity and acquiescence constituted desertion. Even if there were merit in such a claim, it, too, was conclusively disposed of by the court's refusal to find that the defendant did not have such an intention. This was warranted by her testimony to the effect that whether she would resume marital relations would depend upon the circumstances then existing.

The court found that the defendant never requested the plaintiff to return to live with her. The plaintiff claims that this constituted constructive desertion. There is a further finding, however, that the plaintiff wilfully deserted his wife, without notice and without justification, and continued the desertion to the date of the commencement of the action. No attack has been made upon the court's finding and conclusion to that effect. It is to be desired that separated spouses attempt a reconciliation before a suit for divorce is resorted to by either, but no rule of law allows an offending plaintiff to prevail merely because an innocent spouse did not attempt a reconciliation. A spouse not at fault is not required to solicit the return of the other. *Ford* v. *Ford*, 143 Mass. 577, 579, 10 N.E. 474; *Seeds* v. *Seeds*, 139 Iowa 717, 731, 117 N.W. 1069; Keezer, Marriage and Divorce (2d Ed.), 256.

There is no error.