FREDERICK G. RICCIO *v.* MARY C. RICCIO.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 21—decided December 21, 1944.

*Abraham Zweigbaum,* for the appellant (defendant).

*Samuel H. Platcow,* for the appellee (plaintiff).

PER CURIAM. This is an action for divorce on the grounds of desertion and intolerable cruelty. Upon the trial the latter claim was abandoned. The court found that the defendant wilfully deserted the plaintiff and continued the desertion for the statutory period. A judgment of divorce was entered from which the defendant has appealed.

Among the facts found by the trial court are the following: In April, 1940, the defendant, without cause, left the plaintiff, and the parties have not lived together since that date. Prior to that time she had left, without cause, upon three different occasions. Upon the final occasion, in April, 1940, she took some of her things with her, put the key to the house on the kitchen table and walked out. She had the remainder of her belongings removed by a truckman. Shortly thereafter she obtained a court order requiring the plaintiff to pay her $15 per month. The finding of

these facts has not been attacked. The court further found that after she secured this court order she communicated with her husband on only one occasion, and that was when she wrote him concerning a delay in payment. There was also a finding that after the defendant left the plaintiff in April, 1940, she at no time sought out the plaintiff. The defendant complains that these facts were found without evidence, and asks that the finding be corrected by adding that she sought a reconciliation. The evidence was in sharp conflict, and the finding must stand.

At the defendant's request, we add to the finding the fact that after the final separation the plaintiff did not ask his wife to return. The defendant claims from this that the plaintiff consented to the separation and therefore is not entitled to a divorce. The court found that the plaintiff did not consent, and upon the evidence in the case the finding must stand unless it is the law of this state that an innocent plaintiff cannot prevail solely because he did not seek a reconciliation. Our settled law is to the contrary. *Cordner* v. *Cordner,* 131 Conn. 356, 357, 39 Atl. (2d) 878; *Smith* v. *Smith,* 129 Conn. 704, 30 Atl. (2d) 916.

Upon the facts of the instant case, it is particularly evident that the plaintiff was not required to ask his wife to return. The unhappiness which attended their married life was not of his making. She had left him three times, without cause, and each time he had taken her back. The conclusion of the trial court that the defendant in April, 1940, wilfully deserted the plaintiff and continued the desertion with total neglect of all the duties of the marriage covenant on her part to be performed for more than three years is supported by the subordinate facts, and cannot be disturbed.

There is no error.