LOIS DOROTHY FINN

*vs.*

RICHARD  W.  FINN

Superior Court      New Haven County      File No. 65372

MEMORANDUM FILED DECEMBER 30, 1944

*Abraham S. Ullman,* of New Haven, for the Plaintiff.

INGLIS, J.   This is an uncontested divorce case brought on the ground of desertion.   Briefly, the facts are that for a period of time prior to January, 1928, the defendant husband was cohabiting with a woman other than his wife; he brazenly admitted that to the plaintiff and in spite of her entreaties not only persisted in his conduct but gave her to understand that he intended to continue the illicit relationship; she, for that reason, left him and they have remained separated ever since; he has never shown any indication of an intention to give up the other woman.   The defendant's conduct in this regard was such that the plaintiff could not in reason be expected to continue to live with the defendant.   In other words, the defendant was guilty of what is commonly called constructive desertion.   The question of law involved in the case is accordingly as to whether such constructive desertion is desertion under section 5174 of the General Statutes, Revision of 1930.

The Supreme Court of Errors of this State has never decided this exact question.   It has held that conduct on the part of a husband which makes it unreasonable to require the wife to continue cohabitation would justify her leaving him without forfeiting her right to support. *DeRosa vs. DeRosa,* 129 Conn. 409.   It has also held that such conduct would justify her in leaving him so that she would not be

*guilty of desertion. Campbell vs. Campbell,* 110 Conn. 277. In *Dow vs. Dow,* 97 Conn. 488, the present question was raised by counsel but was not passed upon because there was no finding of the necessary facts. The intimation of the opinion in the latter case, however, is that if the proper facts had been found the court would have applied the doctrine of constructive desertion. *See, also Cordner vs. Cordner,* 131 Conn. 356.

In other jurisdictions it is almost universally held that conduct on the part of one spouse which reasonably forces the other spouse to leave the home constitutes desertion by the first spouse as a ground for divorce, and this is generally held to be true whether the misconduct was indulged in with the specific intent of forcing the other spouse to leave the home or not. 17*Am. Jur., Divorce and Separation,* §101, p. 201; 27 *C. J. S. Divorce,* §36c, p. 567. In particular, adultery of one spouse is usually regarded as such misconduct as justifies the other spouse in leaving and as entitling the innocent spouse to a divorce on the ground of desertion. 17 *Am. Jur., Divorce and Separation,* §103, p. 203.

Such constructive desertion fits into the definition of desertion as a ground for divorce which is to be found in the Connecticut cases. As is said in *Todd vs. Todd.* 84 Conn. 591, 593: "This definition involves the co-existence of the following conditions: (1) Cessation from cohabitation, (2) an intention on the part of the absenting party not to resume it, (3) the absence of the other party's consent, and (4) the absence of justification." If a husband by his conduct makes it impossible, in reason, for his wife to continue to live with him, he is the one who really causes the "cessation from cohabitation" even though it be the wife who leaves the home. If he persists in such conduct he thereby manifests an intention not to resume marital relations on a basis which his wife can reasonably accept. Although it is true in a sense that by leaving the home the wife consents to the separation itself, she nevertheless cannot thereby be said to have consented to his indulgence in the acts which make the separation imperative. In essence, therefore, she has not consented to the cessation of cohabitation. And, of course, finally, the acts of the husband which caused the separation are without justification on his part. It must therefore be concluded that in this State, as well as in other jurisdictions, constructive desertion

is desertion within the meaning of that term as used in the divorce statute and that where a wife separates from her husband for adequate cause and he, for a period of three years thereafter, shows no indication of a purpose to change the course of conduct which has justified the separation, then she is entitled to a divorce on the ground of desertion.

Judgment may enter finding actual notice to the defendant and decreeing a divorce to the plaintiff on the ground of desertion.