Mary Tracano v. John Tracano

Superior Court     New Haven County     File No. J1055

Memorandum filed February 20, 1946.

*Richard Mokrzynski*, of New Haven, for the Plaintiff.

*Chambers* and *Grimes*, of New Haven, for the Defendant.

COMLEY, J.   These parties have been living apart since January 5, 1942. On February 27, 1942, the present defendant brought suit in Hartford County for a divorce on the ground of intolerable cruelty.   In that action the present plaintiff filed a cross-complaint, dated January 30, 1943, claiming a divorce on the same ground.   The action was tried before Judge Mc- Evoy in October, 1943, and judgment was rendered on Novem- ber 10, 1943, dismissing both the complaint and cross-complaint.

On May 4, 1945, the plaintiff brought the present suit in New Haven County for a divorce on the ground of desertion. On January 2, 1946, the defendant filed a cross-complaint claiming a divorce on the same ground.   Each alleges that the other is guilty of desertion commencing in January, 1942, and continuing for more than three years.   As to the defendant, it is to be noted that between February 27, 1942, and November 10, 1943, he was the plaintiff in another suit claiming a divorce for intolerable cruelty; and, as to the plaintiff, she was in exact- ly the same position as a cross-complainant between January 30, 1943, and November 10, 1943.   Thus each party, in order to make out desertion for three years, must include within that period the time when he or she was actively and positively claiming as a litigant that life with the other was intolerable and that the marriage should be dissolved.

This leads to an inquiry into the difficult question of the standard of conduct which must be maintained during the desertion period by the spouse who claims to have been deserted. It has long been the law of this state, recently reiterated in *Gannon* v. *Gannon,* 130 Conn. 449, 450, that "The elements of a cause of action on the ground of desertion are (1) cessation from cohabitation; (2) an intention on the part of the absenting party not to resume it; (3) the absence of the other party's consent; and (4) aabsence of justification." It is the third element that is of importance in this case.

Where the separation commences and continues with the consent and active assistance of the plaintiff there is no desertion. *Dow* v. *Dow,* 97 Conn. 488. Neither the conduct of the deserting spouse nor of the deserted spouse is to be tested at the moment of the separation alone. The conduct of both during the entire desertion period must be examined to determine whether the cause of action exists. It is said in *Colt* v. *Colt,* 90 Conn. 658, 660, that desertion "is not alone a specific act, but a continuing course of conduct. . . . It implies the absence of consent to the separation. . . ."

It is true that a plaintiff will not be barred from claiming desertion even though he enters into a separation agreement with his wife after the separation has occurred, where the sole purpose of the agreement on his part is to recognize an unfortunate situation and to ameliorate its consequences and where it is expressly found that the plaintiff was always ready and willing to receive the defendant at any time into his home. *Pettis* v. *Pettis,* 91 Conn. 608.

Nor will mere statements by a plaintiff at the hearing upon his claim for desertion that he was willing to see his wife leave or that he did not wish to live with her preclude him from obtaining a divorce. In *Smith* v. *Smith,* 129 Conn. 704, 707, it is said: "That in retrospect she was glad he was gone and did not think she would have continued to live with him was not evidence of consent. . . . That she later perforce acquiesced in it [the separation] does not right the wrong or amount to that consent which would take away her right to claim that her husband had deserted her." And in *Spargo* v. *Spargo,* 107 Conn. 406, 407, it is said: "A plaintiff is not entitled to a divorce on the ground of desertion where he consents to the separation at its inception or, if it was then against his will,

thereafter by his overt acts manifests his consent to its continu-ance. . . . . But in the circumstances such as here appear, the plaintiff was not obligated to continue to seek out the defendant in the effort to secure her return. . . . The initial separation being against his will, its continuance was not converted into one by consent merely because thereafter, his attempted recon-ciliation having failed, he reached an attitude of mind such that he did not wish his wife to come back to him, shown merely by his testimony upon the trial of the cause. As pointed out by *Holmes, J.,* in *Ford* v. *Ford,* 143 Mass. 577, 578, 10 N. E. 474, the analogies of the law are against determining rights upon the basis of the emotions or motives of a party not manifested by overt acts, and, in the absence of an offer by the wife to return, it would be mere conjecture to conclude from such expressions that he would not have taken her back, perhaps gladly, had she sought to resume marital relations."

While the *Pettis, Smith* and *Spargo* cases undoubtedly sup-port the proposition that mere passive acquiescence in a separa-tion or even a frank avowal of satisfaction with it will not prevent a party from claiming desertion. I do not read them as modifying or limiting the burden upon a plaintiff in a deser-tion suit of proving that, during the three-year period, he did nothing by his overt acts to obstruct a rehabilitation of the marriage. Where a plaintiff, during that period, brings an action for divorce for intolerable cruelty and tries it to an unsuccessful conclusion in an effort to break the marriage on the ground that its continuance is, as to him, impossible and unbearable, it seems to me that he has done more than merely acquiesce in, or passively consent to, the separation. He has by overt act contributed to the continuance of the separation and, but for the failure of his suit, would have brought the marriage to an end. He has, during the pendency of the suit, failed to fulfill the third requirement for desertion as expressed in *Gannon* v. *Gannon,* supra. This is the law generally else-where. *Craskin* v. *Craskin,* 288 Mass. 56; *McKee* v. *McKee,* 107 N. J. Eq. 1; *Burns* v. *Burns,* 50 R. I. 129; *Floberg* v. *Flo-berg,* 358 Ill. 626; *Holmstedt* v. *Holmstedt,* 383 Ill. 290; *Deer-ing* v. *Deering,* 123 Me. 448; *Hudgins* v. *Hudgins,* 181 Va. 81; *Vickers* v. *Vickers,* 95 W. Va. 323; *Hodges* v. *Hodges,* (Tenn.) 182 S. W. (2d) 749.

It is true that in *Campbell* v. *Campbell,* 110 Conn. 277, the court, in discussing the plaintiff's suit for desertion, laid no

emphasis on the fact that the plaintiff had unsuccessfully sued for intolerable cruelty within the desertion period; but a judgment for the plaintiff was reversed on other grounds and it does not appear that the point here under consideration was raised.

Section 92A of the Practice Book permits the plaintiff in a suit for divorce to amend his complaint by alleging a ground for divorce which has arisen since the commencement of the action. It may be argued that this rule is opposed to the foregoing principle of law. This is merely a rule of pleading and cannot be taken to have changed the substantive law concerning the requirements for desertion. If it is true that the plaintiff in a desertion suit cannot count the time during which he was the plaintiff in a separate action for intolerable cruelty in calculating the desertion period, then this rule should not be construed to permit a plaintiff who has commenced an action for intolerable cruelty to switch to desertion by the mere device of filing a last-minute amendment to his complaint.

In the present case, each party is claiming desertion by the other and yet, during the three-year period, each claimed, not only by formal pleading but also in a bitterly contested trial, that the marriage had been hopelessly destroyed by the cruelty of the other. Each said, in effect, "This marriage is at an end and I want it terminated now by judicial decree"; and each not only said it but took positive and aggressive action to bring it about. Neither, it seems to me, occupied during that litigation the role of an abandoned or deserted spouse.

The issues on the complaint are found for the defendant and on the cross-complaint for the plaintiff and both the complaint and the cross-complaint are dismissed.