## CHRISTINE PINCKNEY v. GORDON PINCKNEY

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 72240

Memorandum filed December 13, 1946.

*Walter E. Whitton*, of South Norwalk, for the Plaintiff.

*Rocco E. LaCava*, of Danbury, for the Defendant.

MURPHY, J. On February 20, 1946, the defendant was served with process in a divorce action returnable to the March,

1946 session. Intolerable cruelty from July 1, 1942, was alleged. The defendant appeared by counsel but did not plead. On September 13, 1946, the defendant consented to the filing of an amendment to the complaint alleging desertion by the defendant on July 1, 1942.

The case was tried as an uncontested matter on November 22, 1946. The plaintiff failed to introduce any evidence sufficient to warrant a decree on intolerable cruelty. She did however prove desertion in June of 1943 which had continued to the date of trial, November 22, 1946. Plaintiff maintains that she is entitled to a decree for desertion though the prescribed period of three years had not elapsed at the time suit was instituted, her claim being that her cause of action ripened upon three years separation in June of 1946, and as that period had passed before trial the court had authority to enter a decree.

Rule 92A of the Practice Book permits an amendment in a divorce action to allege a ground for divorce which has arisen since the commencement of the action. But the running of the period of time required under the statute can hardly be construed as coming within the rule. "This is merely a rule of pleading and cannot be taken to have changed the substantive law concerning the requirements for desertion. . . . this rule should not be construed to permit a plaintiff who has commenced an action for intolerable cruelty to switch to desertion by the mere device of filing a last minute amendment to his complaint." *Tracano* v. *Tracano,* 14 Conn. Sup. 35, 39.

That the period of three years must have elapsed prior to the commencement of suit is indicated by form No. 509 in the Practice Book, which provides: ". . . desertion . . . to date of this writ, being for more than three years."

Statutes in other states similar to § 5174, as amended, have been construed to require the period of desertion to have existed prior to the institution of suit. *Rudd* v. *Rudd,* 33 Mich. 101; *Davis* v. *Davis,* 37 N. H. 191; *Zartarian* v. *Zartarian,* 47 Cal. app. 90; *Lederer* v. *Lederer,* 95 N. J. Eq. 558; *Hartpence* v. *Hartpence,* (N. J.) 121 A. 513; *Carr* v. *Carr,* 212 Iowa 1130.

The opposite viewpoint has been adopted in Vermont and Kentucky. *Hemenway* v. *Hemenway,* 65 Vt. 623; *McCrocklin* v. *McCrocklin,* 41 Ky. 370.

By statute, Nevada, Wisconsin and Minnesota require the prescribed period to elapse before suit is filed.

The complaint is therefore dismissed.