NETTIE R. BURKE ET AL. v. HENRY BURKE

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 70945

Memorandum filed July 11, 1949.

*I. Gordon Colby, Jr.* and *Daggett* and *Hooker*, of New Haven, for the Plaintiffs.

*Nelson Harris*, of New Haven, for the Defendant.

INGLIS, J.  This is an action brought by a wife against her husband to recover reimbursement for expenditures for her support and the support of their children, and by her and the children for a decree for future support.

The named plaintiff and the defendant were married at Lawrence, Massachusetts, on July 14, 1934, and immediately took up their residence in Elizabeth, N. J. They have two children: Barbara, born March 23, 1935, and Eileen, born August 24, 1936. In the summer of 1938 the defendant was out of employment and, because of that, he put his household furniture in storage (it was later lost to him because of his failure to pay storage charges) and, on or about September 1, 1938, took his wife and children to the home of Mrs. Burke's aunt in Somerville, Massachusetts. After staying there with them for about two weeks he returned to Elizabeth to seek other employment, leaving Mrs. Burke and the children in Somerville. He has never lived with his wife nor offered her a home since that time. Not having obtained any permanent employment in Elizabeth, at some time in 1940 he moved to St. Louis. Before he did so, i. e., in November, 1939, he wrote to his wife that he was going to St. Louis, that he no longer wanted to live with her and that he wished she would get a divorce. Later, in St. Louis, he started an action for a divorce against her but, when she entered an appearance to contest, he withdrew it.

On December 20, 1940, in an action instituted by Mrs. Burke, of which it was found that Mr. Burke had had due notice but in which he did not appear, the Probate Court for the county of Essex, Massachusetts, found that "the petitioner for justifiable cause is living apart from her said husband" and decreed that she have the care and custody of their two minor children until further order of the Court. In that action, however, no order was made for the support of Mrs. Burke or the children. Mrs. Burke and the children have continued to live in Somerville or Lawrence ever since. She has never requested Mr. Burke to resume marital relations with her, and on the other hand he has never asked her to live with him nor offered her a home. In fact, between 1940 and June, 1946, he did not come to see either Mrs. Burke or the children. During that period he was employed in St. Louis, first for about eight months with The National Lead Company, and then for the rest of the period with The Western Carbide Company. In July, 1946, he started work with Winchester Repeating Arms Company in New Haven. He remained with them until February, 1949, and from March 1, 1949, to the time of trial he has been employed by W. S. Rockwell Company, also in New Haven.

On November 6, 1946, after nearly six months of negotiations, Mr. Burke and Mrs. Burke, together with Randall T. Cox as

trustee, executed a contract in Boston, Massachusetts. By the terms of that contract the defendant agreed to pay Mrs. Burke for the support of their minor children $150 per month. "Said monthly payment may be revised at any time depending upon the financial position of Henry Burke but it is the intent of this agreement that such payment shall always represent approximately three-eights of his net income." The contract contained no limitation of the term thereof. In it Mr Burke also waived all claim that he might have for a share of Mrs. Burke's property. The defendant made all of the payments called for by that agreement down to the institution of this action, which was on March 4, 1948, and in fact has substantially complied with the terms of the agreement down to the date of trial.

Upon the foregoing facts it is concluded that the separation of the family, at least from 1939 on, has been the fault of the defendant and has been without fault on the part of the plaintiffs. He was the one who took the initiative in leaving his family. He has never offered them a home anywhere since the separation. His whole conduct has indicated an intention to live apart from them permanently. Under the circumstances the wife was not required to solicit his return. *Cordner* v. *Cordner,* 131 Conn. 356. Accordingly, his duty to provide his wife and children with reasonable support has continued and will continue into the future. *Artman* v. *Artman,* 111 Conn. 124; *Bohun* v. *Kinasz,* 124 Conn. 543; *Churchward* v.*Churchward,* 132 Conn. 72. At least this is true under the law of Connecticut. There is no evidence that the law of Massachusetts, where the plaintiffs are domiciled, is any different, and it must be assumed that under that law his responsibility is the same. The fact that the Massachusetts court found that Mrs. Burke was justified in living apart from him and awarded her the custody of the children does not affect the situation. Such a decree, particularly in view of the fact that it contained no order for him to pay for the support of his wife and children, does not relieve him of his common-law duty to support them. *Stanton* v. *Willson,* 3 Day 37, 55; *Welch's Appeal,* 43 Conn. 342; *Shields* v. *O'Reilly,* 68 Conn. 256, 262.

Mrs. Burke is entitled to enforce the liability of the defendant for support to the extent that under the provisions of General Statutes, § 7308, she may recover such sums as she has had to expend in the past for reasonable necessaries of life furnished by her for the support of the family. *Churchward* v. *Churchward,* supra. She and the children are likewise en

titled in equity to a decree directing the defendant in the future to contribute to their support such sums as are reasonable. What necessaries of life have been in the past and will be in the future properly chargeable to the defendant must be determined on the basis of what was or will be adequate to provide them a living on the standard which the defendant can reasonably afford. *Hein* v. *Hein,* 127 Conn. 503. Although it is true that it is held in the *Churchward* case that the fact that a wife has private means of her own does not bar her recovery in a case such as this nor relieve the husband of his obligation to support his family, it does not follow that it should not be taken into consideration in determining the amount of the contributions to be made by the husband. In any event the husband and father should not be held liable for any amount greater than will provide such a standard of living as his resources will afford. If the wife can afford to pay from her own resources something in addition to that, it is her own good fortune.

In order to determine how much Mrs. Burke is entitled to recover as reimbursement for expenditures made by her in the past, the time during which the parties have been separated must be divided into three periods. The first of these periods extended from the fall of 1938 until the spring of 1942. The second period extends from then until November, 1946, when the aforesaid contract was executed. And the third period extends from November, 1946, to March, 1948, the date that this action was instituted. The reason for this division will appear as this memorandum proceeds.

During the first period the defendant was for the most part out of work. His only earnings so far as the evidence discloses were $220 in 1940 and $885 in 1941. He had no resources except his earnings, and from these small amounts he could not reasonably have furnished anything for the support of his family. Moreover, there is no evidence that during that period the plaintiff expended any substantial amount of her own funds for the family support. She then had practically no income and the fair inference is that she and the children were supported by her aunt. For this period the plaintiff is entitled to recover nothing.

The defendant has pleaded the Statute of Limitations. This would probably not apply because although it started to run on March 4, 1942, the defendant has since then made payments

which should be credited as reimbursement for support furnished prior to that date if there were any obligation to support prior to then. In view of the conclusion that there was no such obligation, however, the question whether the statute has barred such an obligation becomes academic.

During the second period, that is from early 1942 to and including November, 1946, the defendant was regularly employed and sent his wife small sums of money. She also was employed and expended all that she earned plus what sums he sent her. Her earnings during the period were as follows: in 1942, $919; in 1943, $1170; in 1944, $1311.63; in 1945, $1440; and in the first eleven months of 1946, $1512.50.

The following table for the same period shows (1) Mr. Burke's income for each year; (2) the amount which he, in reason, should have paid for the support of his wife and children to provide them with necessaries in accordance with the standard of living which he could afford; (3) the amount which he actually paid; and (4) the balance which, in view of the fact hereby found that Mrs. Burke spent in excess of those amounts for family necessaries, are the amounts found to be due from him to Mrs. Burke.

| Year | (1) Amount earned | (2) Amount called for | (3) Amount paid | (4) Balance due |
|---|---|---|---|---|
| 1942 ......... | $2700 | $1400 | $480 | $920 |
| 1943 ......... | 3300 | 1700 | 625 | 1075 |
| 1944 ......... | 3600 | 2000 | 555 | 1445 |
| 1945 ......... | 3960 | 2200 | 665 | 1535 |
| 1946 (11mo.) .. | 4453 | 2500 | 500 | 2000 |

*Total balance due* ...................... $6975

The third period starts with the execution of the contract of November 6, 1946. It is to be noted that the agreement expressed in that contract did not call for payments for any specified or ascertainable period of time. It is not therefore an enforceable contract. For that reason this case is different from *Holt* v. *Holt,* 257 Mass. 232, cited by the defendant, which holds that an agreement that a husband will pay a wife a stipulated amount for specified period of time for the support of her and their children is a bar to the wife's recovering alimony in an action for separate maintenance. The purported contract in this case, because it is not an enforceable contract,

is not such a bar. Moreover, the purported contract here makes no provision for the wife's support. However, it is clear that the plaintiff, by executing the purported contract, in essence represented to the defendant that she was willing to take $150 a month (until such time as the agreement was renegotiated) in full for the support of the children and, by implication, for her support also. By doing so she has induced him to make the payments provided for in the purported contract and perhaps also to waive any claim he might have to her property. It follows therefore that the execution by her of the purported contract operates as an estoppel in pais to prevent her from recovering any additional amounts from him for support from the time of its execution until at least the time she gave notice of her repudiation of the purported contract by instituting this action.

The action to recover for past support is an action at law and accordingly one in which the plaintiff may recover only such damages as have been sustained prior to the institution of the action.

For the foregoing reasons it is concluded that the named plaintiff is entitled to recover of the defendant the sum of $6975 plus interest from March 4, 1948, the first occasion upon which she made a demand. The interest amounts to $558. The total due is therefore $7533. The plaintiff in her brief and in her complaint asks that the judgment be satisfied by the entry of an order for payment out of future earnings. Under our practice, however, because no evidence on the subject was taken, this will have to be determined in supplementary proceedings.

As regards the suit in equity for future support, it appears that the defendant is now earning $6500 per year or $541.67 per month. His capital assets are negligible. The older daughter is in high school and the younger daughter has just graduated from grammar school. Mrs. Burke is employed and is earning $165 per month. Under present circumstances a reasonable amount for the defendant to contribute for the support of his wife and children is $250 per month.

Judgment may enter for the plaintiff Nettie R. Burke to recover of the defendant $7533 damages; that, commencing August 1, 1949, the defendant pay said Nettie R. Burke the sum of $250 per month until further order of the court for the support of her and the children, and that the plaintiffs recover of the defendant their taxable costs.