## HELEN V. SCHICK v. MICHAEL W. SCHICK

SUPERIOR COURT HARTFORD COUNTY FILE No. 88042

Memorandum filed April 17, 1951.

Cole & Cole, of Hartford, for the Plaintiff.

No counsel for the Defendant.

KING, J. The plaintiff, by suit instituted October 19, 1950, seeks a divorce on the ground of desertion.

The plaintiff proved that on March 12, 1947, the defendant voluntarily deserted her without her consent, and without justification or even explanation, and that the parties have been separated ever since. The only remaining question is whether either or both of the intervals of the defendant"s involuntary confinement in penal institutions, hereinafter referred to, and each occurring within the three-year period of separation, preclude a finding of desertion for the requisite statutory period. *Gannon* v. *Gannon,* 130 Conn. 449, 452.

On September 27, 1948, the defendant, in the United States District Court for the District of Connecticut, was sentenced to confinement for a period of four months in the federal correctional institution at Danbury.

On September 21, 1949, the defendant, in the Superior Court for Hartford County, was sentenced to confinement for the term of not less than five nor more than thirty years, in the state prison at Wethersfield.

No claim is made that either sentence was for a crime the commission of which is made a ground for divorce under General Statutes, § 7327, the sole ground claimed being desertion.

Desertion requires not only separation for the requisite period of three years but also an intent, persisting throughout that entire period, not to resume the marriage relationship. Separation alone is not the equivalent of desertion. *Gannon* v. *Gannon,* supra, 453.

In addition to the foregoing ultimate facts, the plaintiff proved that the defendant, after his original desertion, wrongfully attempted to appropriate a considerable sum of money which belonged to her; that at the time of the desertion the parties were living in an apartment in the same house in which the defendant's sister and her family lived and that at all times up to the present this sister (who was a witness for the plaintiff) has known of the plaintiff's whereabouts; that the sister has seen the defendant at the prison and he manifested no interest in the plaintiff; and that the defendant has not, by letter or otherwise, attempted to communicate with the plaintiff during the three-year period.

During the interval of about eighteen months between the original desertion and the commencement of the Danbury sentence, and also during the interval of about six months between the expiration of the Danbury sentence (prior to February 1, 1949) and the apprehension of the defendant (sometime in July, 1949) for the crime for which he was sentenced to Wethersfield, the defendant made no effort to return to the plaintiff, although he was a free agent.

The periods of confinement make it more difficult to prove the fact of a continuing intention to desert. They do not make that proof impossible as matter of law. But the plaintiff must prove the defendant's state of mind, that is, his continuing intention to desert her persisting throughout the requisite statutory period.

This is entirely different from the problem of proof involved in establishing a pauper settlement by commorancy. There it is necessary to prove not only an actual, physical residence in a

given town but also an intention so to reside there. Quite properly it has been held that periods of confinement in a penal or mental institution located outside the town of residence interrupt, as matter of law, the acquisition of a settlement by commorancy, since they not only preclude, for their duration, the voluntary character of the pauper's residence (essential to the acquisition of a settlement by commorancy) but they also necessarily change his physical residence to the town in which the institution is located. *Reading* v. *Westport,* 19 Conn. 561, 565; *Washington* v. *Kent,* 38 Conn. 249, 251; *Chaplin* v. *Bloomfield,* 92 Conn. 392, 397.

The plaintiff in this case has proved, as a fact; that the defendant had an intention, throughout the entire three-year period, including both periods of confinement falling therein, not to resume the marriage relationship and that this intention has uninterruptedly persisted up to the present time.

It follows that the plaintiff has made out a case for a divorce on the ground of desertion under our rule. *Gannon* v. *Gannon,* supra, 450; see also, 17 Am. Jur. 196, § 91, and a collection of the older cases in note, 31 L. R. A. 515, 520.

That the plaintiff did not either visit the defendant during the periods of his incarceration or solicit his return to her is not fatal to her case. *Riccio* v. *Riccio,* 131 Conn. 437, 438.

A decree of divorce may enter on the ground of desertion, with change of name as prayed for.